# McClintock *v.* Young Republicans of Philadelphia, Appellants.

*Mandamus—Clubs—Political club—List of members.*

The list of membership of a political club should, at proper times, be open to the inspection of all members, thereby affording to each member an opportunity to aid in carrying out the object of the organization as set forth in its charter.

Where the directors of a political club and the officer who is the custodian of the list of members of the club have refused to grant to a member an opportunity to inspect the list of membership, such member has a standing to petition the court for a mandamus to enforce his right to an inspection of the list, and the prayer of the petition will be granted, if it appears that the purpose of the inspection was to institute measures to promote the objects for which the club was organized, to prevent the club from being used to further the private political ambitions of any member or group of members, and to oppose the election or re-election of incompetent public officials.

*Mandamus—Parties—Act of June 8, 1893, P. L. 345.*

Where an alternative writ of mandamus has been issued against a corporation and two of its officers to compel the performance of an act which would afford to a member his rights under the charter and by-laws, and it appears in the course of the proceedings that one of the officers named had no power to act in connection with the subject of the controversy, and that such power was vested in the other officer, the peremptory writ may issue against the corporation and the other officer.

Argued Oct. 12, 1904. Appeal, No. 183, Jan. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1904, No. 1525, granting peremptory mandamus in case of John McClintock, Jr., v. Young Republicans of Philadelphia, Philip H. Johnson, President, and George L. Harvey, Corresponding Secretary. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Petition for mandamus. Before BRÉGY, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* among others was in issuing the writ of peremptory mandamus.

*C. E. Bartlett*, with him *Robert Brannon*, for appellants.—The petition and reasons set out therein are insufficient. Phoenix Iron Co. v. Com., 113 Pa. 563; Com. v. Phila. & Reading R. R., Co., 3 Pa. Dist. Rep. 115; Rex v. Merchant Tailors' Co., 2

Barn. & Ad. 115; Com. v. Empire Pass. Ry. Co., 134 Pa. 237; James v. Commissioners of Bucks County, 13 Pa. 72; Commonwealth v. Rosseter, 2 Binney, 360; Smith v. Commonwealth, 41 Pa. 335; Commonwealth v. School Directors, 4 Pa. Dist. Rep. 314; Mercur v. Electric Light, etc., Co., 19 Pa. Superior Ct. 519; Commonwealth v. Henry, 49 Pa. 530.

The returns of the Young Republicans of Philadelphia, of George L. Harvey, corresponding secretary, and of Philip H. Johnson, president, set up that the relator has not exhausted his remedies under the constitution and by-laws of the association: German Reformed Church v. Seibert, 3 Pa. 282; People v. Baker, 34 Barb. 150; Miller v. Canal Commissioners, 21 Pa. 23.

The court cannot mould the peremptory writ, and in the absence of an amendment by the relator the court cannot omit from the direction of the peremptory writ a party to the alternative writ: Hopper v. Board of Freeholders, 52 N. J. L. 313 (19 Atl. Repr. 383); Domina Regina v. Mayor of Hereford, 2 Salk. 701; Ricker v. Lancaster, 1 Lanc. 92.

*William MacLean, Jr.,* for appellee, cited: Com. v. Phoenix Iron Co., 105 Pa. 111; Com. v. Philadelphia & Reading R. R. Co., 3 Pa. Dist. Rep. 115.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

The association known as the Young Republicans of Philadelphia, one of the defendants in this proceeding, was incorporated by a decree of the court of common pleas No. 1 of Philadelphia county in 1881. The object of the corporation as set forth in its charter is : " To unite in a social and political organization the young men of Philadelphia; to foster and promote a love for, and a knowledge of, the principles of the republican party ; to educate the young men to a loftier appreciation of their relations to the national, state and municipal governments ; to encourage them to an active participation in the nomination and election of honest and capable public officers by and through the republican party."

The plaintiff is and has been for several years a member in good standing of the association. In February last, he requested the defendant Harvey, the corresponding secretary of

the corporation, to permit him to inspect the list of members and make a copy thereof at a time and place convenient for the purpose. This request being refused, the plaintiff informed the defendant Johnson, the president of the corporation, of the refusal and requested him to authorize Harvey, the corresponding secretary, to allow the inspection to be made. This was also declined, and on March 5, 1904 the plaintiff presented a written communication to the board of directors of the corporation requesting the board to take such action as would afford him an opportunity to inspect the list of members of the association. The board took no action towards granting the request.

Having failed to obtain permission of the directors and officers of the corporation to inspect its list of membership, the plaintiff presented his petition to the court below praying for a mandamus commanding the corporation, its president and corresponding secretary to allow him to inspect the list and make a copy of it. Among the purposes for which the inspection was desired, as averred in the petition, are the following : (*a*) To institute measures and advocate policies which may tend to promote the objects for which the corporation was organized ; (*b*) to prevent the affairs and property of the corporation from being used to further the private political ambitions of any member or group of members ; and (*c*) to oppose the election or re-election of incompetent officials and to aid in the election of officers who will be faithful to the best interests of the members, and who will administer the affairs of the corporation and control its property in accordance with the purposes for which the corporation was organized.

Separate returns denying the right of the plaintiff to the relief asked were filed by the three defendants. These returns show that the corresponding secretary is an officer elected by the association and subject to the direction of the board of directors ; and that one of his duties is " to keep an accurate roll of the active, non-resident, and honorary member of the association, containing, in the case of the active members, the wards and divisions in which they reside." It further appears by the return of the president that neither the constitution nor the by-laws of the association empowers him to authorize the corresponding secretary to permit an inspection of the list of members.

The plaintiff filed demurrers to the returns of the association

and corresponding secretary which were sustained by the court below and a peremptory mandamus was directed to issue against the association and secretary. No further action was taken against the president of the corporation.

The appellants contend (1) that the reasons set forth in the petition do not warrant the court in granting a mandamus ; (2) that the plaintiff failed to exhaust his remedies under the constitution and by-laws of the association ; and (3) that the court could not omit from the peremptory writ a party to the alternative writ.

We do not understand the appellants to controvert the right of a stockholder, under proper circumstances disclosed by his petition, to inspect the records and books of a private corporation. But in this case they deny the sufficiency of the reasons assigned for an inspection of the list of the members of the defendant company by the plaintiff. We are, however, of opinion that the plaintiff is entitled to have furnished him by the appellants a list of the members of the defendant association for the purposes set forth in his petition. These purposes have been quoted above and it is manifest that they are legitimate and lawful and if carried out will promote the best interests of the association. It is not only the right but the duty of each member of this organization " to institute measures and advocate policies " beneficial to the organization, " to prevent the affairs of the association from being used to further the private political ambitions of a group of members," and " to oppose the election or re-election of incompetent officials." It is for these purposes that the plaintiff demands the right to inspect the list of members of this social and political organization and it is apparent that they are not improper nor hostile to the interests of the association.

We can see no good reason why the officers of this corporation should withhold from any of its members the information desired by the plaintiff. If the purposes of the association, which are social and political, are to be accomplished and made effective it is necessary that the members should know and communicate with each other. Hence each member should have access to the list of members of the organization, and to deprive him of it is to prevent him from assisting in carrying out the very object for which the corporation was created.

Nor is there any sufficient reason shown here why the officers of the association should have access to the roll of members of the organization to the exclusion of the other members. All the members are presumed to be equally interested in promoting the welfare of the association and all should be accorded equal privileges in the association for these purposes. To deny the plaintiff the relief he seeks here is, however, to give the officers of the corporation, the custodians of the list of membership, the opportunity to control the association and to use the list, in the language of the plaintiff's petition, " to further the private political ambitions of any member or group of members." It is, we think, manifest that the list of membership of associations of this character should, at proper times, be open to the inspection of all members, thereby affording to each member an opportunity to aid in carrying out the object of the organization as set forth in its charter.

There is nothing in the contention that the plaintiff failed to exhaust his remedies under the constitution and by-laws of the association to secure the information desired. The petition and returns show that the directors, on written application, failed to furnish the information and that the corresponding secretary, who by the provisions of the constitution is required to, and did, keep a list of the members, refused to permit the plaintiff to inspect it. Having demanded and been refused the information by the board of directors and the corresponding secretary, whose duty required him to keep a list of the membership and who had the list in his possession, the plaintiff laid sufficient ground for the application for this writ. The fact that other officers were required by the constitution to keep a list of the membership of the association is immaterial, as it is not alleged that it required the joint action of all the officers having possession of the list to give the plaintiff permission to inspect it. The corresponding secretary was the proper custodian of the list of membership and refused the plaintiff an inspection and copy of it because, as alleged in his return, he was not, " authorized by the board of directors so to do." As the directors had also refused the plaintiff the information he desired, it is clear that the latter had made such demand upon the corporation and its officer having the custody of the list as would warrant the court in issuing a mandamus.

The name of the president of the corporation was properly omitted from the peremptory writ. This proceeding is regulated by the Act of June 8, 1893, P. L. 345. The twenty-seventh section of the act provides that "the peremptory writ shall be directed to the same person as the alternative writ save as herein authorized." The seventh section of the act is as follows: "When the writ is sought against a private corporation . . . . the alternative writ shall be directed against the corporation by name, and also against any particular person or body of persons connected therewith whom it may be sought to coerce. . . . The peremptory writ may be directed to the said corporation, or to the person or body of persons who have the power and whose duty it is to do the act required, or to such superior officer as would be expected to execute the order." It will be observed that the court below followed the provisions of this section of the act in issuing both writs. The alternative writ went out against the corporation and the particular persons connected therewith whom it was sought to coerce. A return to the writ having been made by each of the defendants, it appeared that the corresponding secretary was required by the constitution to keep a list of the membership, but that the president of the corporation had no power to authorize the secretary to permit the plaintiff to inspect and make a copy of the list. It is therefore clear that the corporation, by its directors, and the corresponding secretary are the only parties named in the alternative writ, who, in the language of the seventh section of the statute, had " the power and whose duty it is to do the act required." This being true, the court below very properly directed the peremptory writ to the corporation and corresponding secretary.

The assignments of error are overruled and the judgment is affirmed.