# Drovin *v.* Lehigh Coal & Navigation Company, Appellants.

*Corporations—Stockholders—Stock list—Right of inspection—Mandamus.*

A petition for a mandamus by a stockholder of a corporation against the company, to compel the latter to permit him to inspect the list of the stockholders, or to have a copy of the same, is properly granted, where the petition avers that there was dissatisfaction among some of the stockholders of the company with its corporate management, and that a demand to inspect the list was made to enable the petitioner to consult with his "fellow stockholders and obtain proxies to be used" at an approaching election of a board of managers, and that this demand had been refused.

Argued September 29, 1919. Appeal, No. 333, Jan. T., 1919, by respondents, from order of C. P. No. 2, Phila. Co., Dec. T., 1918, No. 225, awarding peremptory mandamus in case of George Albert Drovin v. Lehigh Coal & Navigation Company, Samuel D. Warriner, President, and Henry H. Pease, Secretary. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition for mandamus. Before ROGERS, J.

The court allowed the mandamus. Respondents appealed.

*Error assigned* was the order of the court.

*Edward J. Fox,* with him *Paul C. Hamlin* and *William Jay Turner,* for appellants.

*George Albert Drovin,* for appellee.

PER CURIAM, October 22, 1919:

The appellee, a stockholder of the Lehigh Coal & Navigation Company, demanded of its president that he be permitted to inspect the list of its stockholders, or that a copy of the list be furnished him. Each of these demands was refused, and the proceeding below was instituted for a writ of mandamus to compel the appellants to allow the appellee, by himself or through his agent or agents, to inspect the list of the stockholders of the corporation and to make a copy thereof. In his petition for the writ, the appellee alleged that there was dissatisfaction among some of the stockholders of the company with its corporate management, and that the demand to inspect the list of stockholders was made to enable the appellee to consult with his "fellow stockholders and obtain proxies to be used" at an approaching election of a board of managers. This was a perfectly lawful purpose, and nothing appears in the return to the writ of alternative mandamus relieving the appellants from their duty to comply with the demand made upon them. The writ prayed for was therefore properly awarded: Commonwealth ex rel. Sellers v. Phœnix Iron Co. et al., 105 Pa. 111; McClintock v. Young Republicans of Phila., 210 Pa. 115; Kuhbach v. Irving Cut Glass Co., 220 Pa. 427.

Appeal dismissed.