## Hauser et al. v. York Water Company.

*Mandamus—Refusal of a legal right, or conduct tantamount to refusal, essential to writ of mandamus—Stockholder's right to list of stockholders.*

1. The right of stockholders of a corporation to know who their fellow-stockholders and the officers of the corporation are, and how its business is being conducted, and what its financial standing is, was well established at common law, and has been recognized and reaffirmed by a long line of controlling decisions of the appellate courts of this and other states.

2. A necessary prerequisite to the issuing of an alternative writ of mandamus is the respondent's actual refusal of a proper legal demand of the petitioner, or such conduct on its part as is fully tantamount to such refusal.

3. Where, on Friday afternoon, a demand was made for a list of the stockholders of a corporation or for the privilege of an inspection of the company's books at 12 o'clock noon of the following day, and there was no further communication whatever between the parties on the subject, and on the next secular day, Monday, an alternative writ of mandamus was sued out: *Held*, that there had been no actual refusal of the petitioner's demand, or such conduct on the part of the respondents, or such unreasonable lapse of time without an answer, as could justly be held tantamount to an actual refusal.

Motion to quash alternative writ of mandamus. C. P. York Co., Aug. T., 1923, No. 3.

*Cochran, Williams & Kain*, for motion; *John L. Rouse*, contra.

WANNER, P. J., May 21, 1923.—An alternative mandamus was issued in this case on the petition of Clarence L. Hauser, William H. Smyser and Samuel J. Swartz, three stockholders of the York Water Company, who allege therein that said company is being mismanaged to its own disadvantage and to the prejudice of the petitioners as stockholders therein; that by charging excessive and unjust rates for water it has provoked public antagonism against it and involved the company in litigation; and that it has never given to the stockholders any financial statement of its assets, liabilities or actual condition. They further allege that they have made a written demand upon Charles Kurtz, president, and Grier Hersh, secretary, of said company, for a copy of the list of the stockholders thereof, or for the privilege of inspecting the company's books to acquire information therefrom, which demand has been refused by said company.

The respondent moved the court to quash the writ because the petitioners are not entitled to what they have demanded, and because their petition does not set forth such jurisdictional facts and such necessary preliminary steps

by the petitioners as would entitle them to an alternative mandamus, such as has been issued in this case.

The right of the stockholders of a corporation to know who their fellow-stockholders and the officers of the corporation are, and how its business is being conducted, and what its financial standing is, was well established at the common law, and has also been recognized and reaffirmed by a long line of controlling decisions of the appellate courts of this and other states. The whole subject will be found exhaustively reviewed in Weihenmayer v. Bitner, Secretary, &c., of Windsor Knitting Mills of Washington County, 45 L. R. A. 446, and Kuhbach v. Irving Cut Glass Co., 20 L. R. A. (N. S.) 185; Guthrie et al. v. Harkness, 199 U. S. 148-154; Huylar v. Cragin Cattle Co., 40 N. J. Eq. 392-398. See, also, the following Pennsylvania cases: Rochester v. Indiana County Gas Co., 246 Pa. 571; Com. ex rel. Sellers v. Phœnix Iron Co., 105 Pa. 111; Neubert v. Armstrong Water Co., 211 Pa. 582; Kuhbach v. Irving Cut Glass Co., 220 Pa. 427; Com. ex rel. Wilde v. Pennsylvania Silk Co. et al. (No. 1), 267 Pa. 331; McClintock v. Young Republicans of Phila., 210 Pa. 115.

In the recent case of Drovin v. Lehigh C. & N. Co., 265 Pa. 447, it was held that a stockholder's demand to be permitted to inspect the list of his company's stockholders or that a copy of the same be furnished him, so as to enable him to consult with his fellow-stockholders and obtain proxies to be used in an approaching election of a board of managers, was a perfectly lawful purpose, and that a mandamus was properly issued upon the refusal of the company to comply with his demand.

The motion to quash discloses nothing in the contents of this petition which defeats or qualifies the petitioners' right to enforce these established privileges of the stockholders through a writ of mandamus, provided they have been refused by the respondents.

But a necessary prerequisite to the issuing of an alternative writ of mandamus is the respondent's actual refusal of a proper legal demand of the petitioner, or such conduct on its part as is fully tantamount to such refusal: Com. ex rel. Hamilton v. Select and Common Council of Pittsburgh, 34 Pa. 496-512.

The respondent alleges that the written demand made on the company's officers in this case did not give them "A reasonable opportunity to accede to or refuse the demand, and the petition itself was filed before such officers had a reasonable opportunity to accede thereto or refuse."

This exception, in our opinion, is well taken. It was conceded at the argument of this motion to quash, that the written demand for a copy of the list of stockholders or for the privilege of an inspection of the company's books at 12 o'clock noon of April 14, 1923, was made on the afternoon of Friday, April 13, 1923, and that there was no further communication whatever between the parties on the subject. On the next secular day after the day fixed for delivery of the copy of the list, viz., Monday, April 16, 1923, the writ of mandamus was sued out in court.

There was, therefore, no actual refusal of the petitioners' demand, or such conduct on the part of the respondents, or such unreasonable lapse of time without an answer to the petitioners' demand, as could justly be held tantamount to an actual refusal.

This objection having been made in support of the motion to quash, we cannot overlook this defect in the preliminary proceedings, as it would be manifestly unjust to proceed to enforce by a mandamus the performance of a duty which has not yet been unlawfully refused by the respondents.

The quashing of the present writ for the reasons assigned above will not,

4 D. & C.

however, be a bar to the issuing of another alternative mandamus by the court whenever it shall be made to appear that a similar demand, properly made by a stockholder or stockholders of the York Water Company, has been refused by it.

Now, to wit, May 21, 1923, the alternative writ of mandamus issued in this case is hereby quashed, at the cost of the petitioners.

From Allen C. Wiest, York, Pa.