## Taylor, Trustee, etc., v. Eden Cemetery Co. et al.

*Taylor, Hoar & Nicholson* and *William K. Alsop, Jr.*, for plaintiff.

*Ralph S. Croskey*, of *Edwards & Croskey*, for defendants.

BROWN, JR., J., March 23, 1939.—This case is before the court on petition for an alternative writ of mandamus, defendants' return thereto, and plaintiff's demurrer to the return.

The petition sets forth, inter alia, that plaintiff is the succeeding trustee under the will of Nettie Lee Danenhauer, deceased; that he is the owner of 2000 "shares

interest in one-half the proceeds of sale of use of lots" in the Eden Cemetery Company, a Pennsylvania corporation; that as owner of "said shares", he is "part owner of said Company"; that as trustee he is obliged to account for the administration of his trust, and to determine the value of investments in order to liquidate or retain them; that he believes that the affairs of the company are not being properly managed; that the books of account are incomplete and incorrect; that if an examination of the books of the company discloses mismanagement, he proposes to file a bill in equity for relief; that he has demanded the right to inspect the books of the company, and that defendants have refused to permit him to do so.

Defendants' return, inter alia, avers that plaintiff is not a shareholder or part owner of the corporation; that its business and affairs are properly managed, and that they "have no objection to furnish" to plaintiff "the proper information pertaining to the sale by the Eden Cemetery Company of lots, the sale prices thereof and the monies received therefor", but that he is not entitled "to examine generally into the books of" the company.

Plaintiff filed a traverse to the return, but later withdrew it and filed a demurrer, concluding in a prayer that a peremptory writ of mandamus issue. The articles of incorporation and by-laws of defendant corporation were made part of the petition by stipulation of counsel.

There is no doubt that a shareholder has the right to inspect the books of a corporation for a proper purpose, and that mandamus is the appropriate remedy to enforce that right where it is denied by the corporation: Commonwealth, ex rel. Sellers, v. Phoenix Iron Co. et al., 105 Pa. 111; Phoenix Iron Co. v. Commonwealth, ex rel. Sellers, 113 Pa. 563; Kuhbach v. Irving Cut Glass Co., 220 Pa. 427. The Mandamus Act of June 8, 1893, P. L. 345, sections 1 and 3 (12 P. S., §§1911 and 1913) provide that mandamus may issue to corporations "upon the application of any person beneficially inter-

ested." It is plain that one who has the right to inspect the books of a corporation is a "person beneficially interested". All of this is not denied by defendants. Their sole contention is, in effect, that plaintiff is not a shareholder and hence has no right to examine the books of the corporation. The nature of plaintiff's status in relation to the corporation must, therefore, be determined.

Section 14 of the by-laws of defendant corporation provides: "The Trustees of this Cemetery Company for the purpose of raising the purchase price of the land to be used as a Cemetery, and for furnishing materials and paying for services rendered in preserving or improving the Cemetery or otherwise defraying the expense of the Cemetery establishment and the conduct of its business may by a concurring vote of a majority of their whole number issue and sell certificates under their corporate seal, signed by the President and Treasurer for shares interest, in one-half of the proceeds of sale of the use of all the lots or plots in the Cemetery, not to exceed two hundred thousand in number, of a par value of one dollar per share."

In pursuance of this by-law, a certificate for 2000 shares interest was issued to one James Bacon, and, by various transfers, this interest came to plaintiff in the following form:

"Incorporated Under The Laws Of The State of Pennsylvania    No. 1154                No. of Shares
                                        200,000
                Eden Cemetery Company
—2000—Shares            Par Value $1.00

"This Is To Certify, That Francis R. Taylor, Succeeding Trustee under the Will of Nettie Lee Danenhauer is entitled to Two Thousand shares interest in one-half the proceeds of sale of use of lots in
                Eden Cemetery Company

This Certificate is transferable only upon the books of the Cemetery Corporation in person or by attorney on the surrender of this Certificate.

In Witness Whereof, the said Eden Cemetery Company has caused this Certificate to be signed by its President and Treasurer at the City of Philadelphia, Pennsylvania, this —23rd— day of November 1933.

W. Basil Webb          J. C. Asbury
        Treasurer              President"

Although the interest represented by this certificate does not bear all the characteristics of the ordinary share interest in a corporation, various attributes thereof are embodied in it. It specifies the number of "shares" which are authorized, the number which it represents, and their "par value". It provides for the transfer of the certificate on the books of the corporation. It is signed by officers of the corporation. Furthermore, by section 13 of the by-laws, the holder is "entitled at all meetings of the corporation to one vote for each twenty-five shares owned by him".

Plaintiff's position is an anomalous one. The charter does not authorize the issuance of the type of "shares interest" which he holds, and it states that the corporation has no capital stock. Yet plaintiff certainly has an interest in the corporation which cannot be ignored. Even defendants recognize this fact, since they state, in their return, that they are willing "to furnish" plaintiff with certain information concerning the operation of the corporation. In view of the fact that plaintiff's "shares interest" bear a closer resemblance to standard shares of capital stock than to any other normal interest in a corporation, it is reasonable to conclude that his interest is sufficiently similar to that of a shareholder to accord him the right of a shareholder to inspect the records of the corporation.

But even if plaintiff is not a shareholder, he is not precluded from the remedy which he seeks. Others than shareholders are entitled thereto. Thus, in Williamsport v. Citizens' Water & Gas Co., 232 Pa. 232, it was held that a city, which contemplated purchasing defendant corporation's water works, under the terms of an enabling

statute, had the right to inspect the books of the corporation, and that the appropriate remedy to enforce that right was by writ of mandamus rather than by a bill in equity. The court pointed out (at pages 243 and 244) that plaintiff in that case, like a stockholder "who desired to be placed in a position to assert his legal rights in an action which he proposed to bring against the corporation", was one "with a special interest, desiring information contained in books, papers and records, so as to be in a position to assert a legal right in or to the property of a corporation".

A case directly in point is McClintock v. Young Republicans of Philadelphia, 210 Pa. 115. In that case a peremptory writ of mandamus was directed to defendant club, ordering it to permit plaintiff, a member of the club, to inspect the list of members. The record in the lower court discloses no mention of stock, or that plaintiff claimed to be a shareholder. The Supreme Court referred to plaintiff as a "member", and held that he had the same right as the officers to have access to the rolls of the association in order to help effectuate its objects.

The rule of the McClintock case was adopted in section 316 B. of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, as amended (15 P. S., §2851-316), which provides, inter alia: "Every member shall have the right to examine in person, or by agent or attorney, at any reasonable time or times, for any reasonable purpose, the books of account, the membership register and the records of the proceedings of the members and directors." Section 2 (15 P. S., §2851-2) provides: " 'Member' includes each person signing the articles of incorporation, and each person admitted to membership in the corporation. The term 'member' shall be construed to include 'shareholder,' if the corporation issues shares of stock." The several sections of Article VI give the corporation rather free rein to regulate the classification, rights and duties of members by its by-laws.

Clearly, the owner of an interest such as that of plaintiff is a member of defendant corporation, especially in view of the fact that he has the right to vote, characteristic of members of most associations.

Furthermore, it is to be noted that the only other persons qualified to vote at meetings of defendant corporation are the owners of lots "containing at least eighty square feet of land in the cemetery of the corporation," and if there are two or more owners of a lot, "one of them designated by a majority of such joint lot owners to represent such lot or plot can cast one vote for such lot or plot so owned." It is thus apparent that owners of lots and of "shares interest" are the owners of the assets of the corporation, for they either own the essential property of the corporation, i. e. the cemetery lots, or are entitled to share in the proceeds of the sale of the use of such property.

Whether plaintiff be termed a "shareholder" or a "member" or an "owner", he certainly has "a special interest" in the corporation. That interest is sufficient to accord him the right to inspect the records of the corporation for a proper purpose.

In regard to the purpose of the inspection which plaintiff desires to make, he states that he must determine the value of the investment in order to account to the Orphans' Court of Philadelphia. In addition, he avers that he is informed and believes that the affairs of the corporation are not being properly managed; that the books of account are incomplete and incorrect, and that if an examination discloses irregularities and mismanagement, he intends to file a bill in equity for the appointment of a receiver or for "such other relief as the necessities of the case may require." These purposes are adequate and reasonable. In the two Phoenix Iron Co. cases cited above, the petition also alleged mismanagement and stated that the purpose of the inspection of records was to aid plaintiff in the preparation of a bill in equity to be filed against the corporation and its officers. The Supreme Court ap-

proved the issuance of a writ of mandamus, but ruled that it "should not extend to any books and papers other than such as contain information upon the subjects specified in the prayer of the petition" (105 Pa. 111, 120). Those subjects were similar in nature to those contained in the petition in the present case. The condition expressed by the Supreme Court must, of course, be a condition of the writ issued at the order of this court.

There is no necessity for a jury trial in the present case, since the plaintiff's right to inspect the records of defendant corporation is a question of law, and the only facts necessary for a determination of that question are supplied in the pleadings. See Kell v. Rudy, 1 Pa. Superior Ct. 507, 511.

The demurrer to defendants' return must, therefore, be sustained, and judgment rendered for plaintiff.

## Order

And now, March 23, 1939, it is ordered and directed that judgment be entered in favor of plaintiff, Francis R. Taylor, that a peremptory writ of mandamus be awarded, and that the prothonotary issue the same forthwith upon the Eden Cemetery Company, and upon J. C. Asbury, President, W. Basil Webb, Vice-President and Treasurer, Emma C. Lehman, Assistant Treasurer, Katheryn E. Parvis, Secretary, of said corporation, and J. C. Asbury, W. Basil Webb, Emma C. Lehman, Katheryn E. Parvis and David B. Asbury, Trustees of said corporation, defendant, directing them to give plaintiff, with his duly authorized agents, accountants and counsel, at reasonable times, access to all the accounts, books, papers, documents, records, reports, and copies thereof, which may be necessary in order that plaintiff may ascertain:

1. The value of plaintiff's 2000 shares interest in one-half the proceeds of sale of use of lots in the cemetery of said corporation;

2. The assets of said corporation and disposition that has been made of them;

3. The prices for which cemetery lots have been sold;

4. The indebtedness of the corporation and how it was created;

5. The salaries, bonuses or other forms of compensation that have been paid to defendant officers and trustees, and

6. The number of shares interest in one-half the proceeds of sale of use of lots in the corporation that have been sold, and the amount of cash or other property received therefor.