## Goldman v. Trans-United Industries, Inc., Appellant.

Argued April 21, 1961.  Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Franklin Poul,* with him *Abraham L. Freedman,* and *Wolf, Block, Schorr & Solis-Cohen,* for appellants.

*M. J. Resnick,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 26, 1961:

Appellees, collective owners of one-half of one percent of the stock in appellant corporation (Trans-United), filed a complaint in mandamus seeking inspection of the books of Trans-United. The complaint avers that the affairs of Trans-United were not being properly managed and that the books were irregular and incomplete. The complaint also states that the plaintiffs-appellees desire to ascertain: (1) salaries paid to officers and directors, (2) the value of corporate shares, and (3) the names of stockholders and the extent of their holdings, and it is concluded by an assertion that if the books of the corporation reveal irregularities and mismanagement the plaintiffs will either file a bill in equity to appoint a receiver or solicit proxies to effectuate a change in management.

Trans-United's amended answer denied these allegations and alleged as new matter that appellees' true purpose in seeking examination of all the books of Trans-United was to gain control of that corporation through a general plan designed to deflate the market value of Trans-United stock while simultaneously inflating the value of the stock of Son-Mark Industries, Inc., a holding company in which the appellees have an

interest and through which they intend to gain control of Trans-United.

This general plan, as alleged in Trans-United's answer, encompasses several schemes aimed at coercing Trans-United's management to negotiate with Son-Mark for sale of control of Trans-United at a depressed price. Appellees caused articles to be published in leading trade journals implying that Son-Mark was in the process of purchasing control of Trans-United. Appellees then brought this action and publicized Trans-United's refusal to allow inspection of the books as well as the allegations of mismanagement and the possibility that the proceedings would ultimately lead to a receivership. The lower court granted judgment on the pleadings in favor of plaintiff-appellees thus permitting them to examine the books, and Trans-United appealed.

The common law right of a shareholder to inspect the books of a corporation is not an absolute right—it rests on conditions of propriety and reasonableness as to time, place and purpose. The Business Corporation Law of May 5, 1933, P. L. 364, §308(B), 15 PS §2852-308(B), which is based on the Model Business Corporation Act, §35 (9 U.L.A.), is merely a codification of the common law rule. The requested relief will not be granted where the purpose is proven to be improper or unreasonable, but the burden of so proving is on the corporation. *Strassburger v. Philadelphia Record Company,* 335 Pa. 485, 6 A. 2d 922 (1939).

Under the common law rule this Court has refused to permit mere general assertions of improper purpose to defeat a stockholder's right to examine the books. *Hodder v. George Hogg Company,* 223 Pa. 196, 72 Atl. 553 (1909); *Kuhbach v. Irving Cut Glass Company,* 220 Pa. 427, 69 Atl. 981 (1908). Both of these cases were decided under the Mandamus Act of June 8, 1893, P. L. 345, as amended, 12 PS §1911, on the insuffi-

ciency of a return to a writ of alternate mandamus. Section 13 of that Act (12 PS §1947)[1] has been interpreted as requiring the return to be "so certain as to advise the court of all the facts of the case, in order that it may be able to judge from the record whether the respondent is justified in his refusal to do the thing prayed for," and that "return should be positive, explicit and responsive." *Douglas v. McLean*, 25 Pa. Superior Ct. 9, at 13-14 (1904).

Since 1947, however, the pleading requirements for a return in mandamus actions have been further eased by equating them with the liberalized pleading requirements in actions of assumpsit. Pa. R. C. P. §§1457, 1091. Therefore, pleadings in mandamus now need only be "concise and summary," Pa. R. C. P. §1019(a), and matters of intent may be averred generally. Pa. R. C. P. §1019(b). No cases have arisen since 1947 involving the question of sufficiency of a return to a writ of mandamus. There is no doubt, however, that the allegations contained in Trans-United's answer fulfill these requirements of the new rules of pleading in mandamus actions.

If, after a hearing, the facts averred in the answer are found to be true, the court could easily find that the plaintiffs sought to exercise their rights to inspect for an improper purpose and motive in that the inspection would not further or be germane to the interests of either the corporation or the stockholders qua stockholders of Trans-United. 5 Fletcher, Cyclopedia of Corporations, §§2218, 2222 (rev. vol. 1952).

A distinction must be made, however, between a stockholder's right to a general inspection of the books and records and a request for inspection or a copy of

---

[1] This section proffered a more liberal definition of the requirement of "certainty" than was required previously in *Prospect Brewing Company's Petition*, 127 Pa. 523, 536, 17 Atl. 1090 (1889).

the shareholders lists. It has been commonly held in this state that a request for inspection of the stockholders lists for purposes of contacting and binding together the other stockholders for such blanket reasons as voting at stockholders meetings constitutes a proper purpose.[2] Courts tend to be more lenient as to the inspection of stockholder lists than inspections of books and records.[3]

The primary reason for this special treatment lies in the very nature of and purpose for obtaining the stockholders lists, i.e., to influence the vote at an impending stockholders meeting. If the right to obtain a list of stockholders is not granted liberally by the courts, the corporation, by such simple dilatory tactics as filing an answer and submitting the case to a trial of fact, can delay the stockholder's procurement of the list beyond the date of the stockholders meeting. Consequently, the courts of this Commonwealth have closely scrutinized any and all answers to a complaint in mandamus when the information sought by the stockholders is restricted to a list of the names and addresses of the other stockholders.[4]

The right to obtain a list of stockholders nevertheless remains a qualified right, and in a proper case the corporation could sufficiently aver an improper purpose on the part of the plaintiff-stockholder to merit a trial on the factual issue. *Hauser v. York Water*

---

[2] *McClintock v. Young Republicans of Philadelphia*, 210 Pa. 115, 59 Atl. 691 (1904) ; *Drovin v. Lehigh Coal & Navigation Company*, 265 Pa. 447, 109 Atl. 128 (1919) ; *Hauser v. York Water Company*, 278 Pa. 387, 123 Atl. 330 (1924) ; *Kahn v. American Cone and Pretzel Company*, 365 Pa. 161, 74 A. 2d 160 (1950) ; *Steinberg v. American Bantam Car Co.*, 76 F. Supp. 426 (1943), appeal dismissed, 173 F. 2d 179.

[3] Baker and Cary, Cases and Materials on Corporations, p. 733 (3rd ed. 1958).

[4] See cases in note 2, supra.

*Company,* 278 Pa. 387, 392, 123 Atl. 330 (1924) citing *Guthrie v. Harkness,* 199 U. S. 148. However, the facts averred in the answer must indicate not merely that the purpose is improper in the same general sense that a request for an inspection of the books is proven improper, but rather that it is improper as it relates to the relatively harmless act of obtaining a list of stockholders. This greater burden was not carried by Trans-United in the present case.

Accordingly, to the extent of allowing appellees to obtain a list of stockholders and their holdings, the lower court was correct in granting judgment on the pleadings. However, in respect to the appellees' request to inspect all the books of the corporation, we reverse and remand to the court below for further proceedings not inconsistent with this opinion.

The judgment, as modified, is affirmed.