## Dillon v. 719 Liberty Avenue Corp.

*Robert Engel,* for plaintiffs.

*Elder W. Marshall* and *James H. McConomy,* for defendants.

OLBUM, J., November 10, 1964. — In this mandamus action, plaintiffs, owners of 20 percent of the outstanding shares of defendant corporation, seek an examination of certain specified corporation books and records, by virtue of the right accorded shareholders in section 308B of the Business Corporation Law of May 5, 1933,

15 PS §2852-308B. Defendants have filed an answer to the complaint.

Pending trial of the mandamus action, defendants have filed a petition averring that plaintiffs are majority shareholders of Dillon Office Furniture Co., a corporation, which is in direct competition with General Office Equipment Corp., defendant corporation's sole tenant at its building located at 719 Liberty Avenue, Pittsburgh. Defendants further aver that "the defendant corporation's relationship with its sole tenant has been seriously damaged by the institution of this action and will be more seriously damaged if plaintiff's demands for inspection of all corporate books is satisfied, as said records involve information concerning said tenant's business operations." On the basis of these averments, defendants request the court to issue a rule to show cause why plaintiffs should not now be ordered "to enter security in the amount of $10,000 payable to defendant corporation, so much of which shall be paid to defendant corporation as shall be required to compensate defendant corporation in the event any of plaintiffs' demands in the complaint for writ of mandamus are determined by this Court to be unjustified and the prosecution of such unjustified demands shall have interfered with the relationship of defendant corporation with its sole tenant, General Office Equipment Corp."

In their brief, defendants assert that they can prove at a hearing that "the continued prosecution of this action is causing real and serious harm to defendants and will continue to do so." They argue that "mandamus is one of the most extraordinary writs known to law": Zaccagnini v. Vandergrift Borough, 395 Pa. 285, 289; that the deliberations attending the issuance of a writ of mandamus "are guided by the principles of equity": Taggart v. Board of Directors of Canon-McMillan Joint School System, 409 Pa. 33, 40; and they

therefore urge that this court *"exercise its discretion to condition the grant of jurisdiction and the prosecution of the present action"* upon the posting of the bond requested.

Defendants have cited no authority in statute, in the Pennsylvania Rules of Civil Procedure, or otherwise, to warrant a requirement by this court that plaintiffs in a mandamus action to secure the right to examine corporation records post a bond of any kind before a hearing is held on the merits of the mandamus action.

We regard the cases cited in defendants' brief as impertinent to their request. We do not think that any of them can be distorted into authority for the proposition that a clearly expressed right given to every shareholder of a corporation by the Business Corporation Law can be impeded by a requirement that the prosecution of a shareholder's action to enforce that right be conditioned upon entering security.

Firstly, the Pennsylvania Rules of Civil Procedure relating to the action of mandamus, Rules 1091, et seq., contain no provision even suggesting that a plaintiff's right to maintain the action can be made contingent upon his entering security. Moreover, Rule 1091 provides that "Except as otherwise provided in this chapter, the procedure in the action of mandamus shall be in accordance with the rules relating to the action of assumpsit." This would seem to negate any power of a court to require a bond before a mandamus action will be entertained.

Secondly, defendants' argument that while the writ of mandamus issues out of the law side of a court of common pleas, the deliberations attending its issuance are guided by the principles of equity, militates against defendants' contention. The Pennsylvania Rules of Civil Procedure relating to equity actions, rules 1501, et seq., contain no authority to require a bond from a plaintiff for the privilege of instituting an action in

equity. The only specific bond requirement in an equity action is contained in Rule 1531 in connection with the issuance of a preliminary or special injunction, either of which may issue before any hearing, or after only a preliminary hearing—but before a complete hearing on the merits of the controversy. The obvious purpose of a bond in such circumstances is to protect the defendant from damage he may suffer as a result of a preliminary or special injunction, should it later be determined *after a complete hearing* that the injunction had been improvidently granted.

Plaintiffs' action bears no resemblance to a preliminary or special injunction. The writ of mandamus here sought will not issue until a full hearing on the merits. At that hearing defendants will have ample opportunity to resist the issuance of the writ. The right given to a shareholder by the Business Corporation Law, supra, to examine the books of a corporation "is not an absolute right—it rests on conditions of propriety and reasonableness as to time, place and purpose . . . The requested relief will not be granted where the purpose is proven to be improper or unreasonable, but the burden of so proving is on the corporation": Goldman v. Trans-United Industries, Inc., 404 Pa. 288, 290.

In the same case, the court stated, at page 291:

"If, after a hearing, the facts averred in the answer are found to be true, the court could easily find that the plaintiffs sought to exercise their rights to inspect for an improper purpose and motive in that the inspection would not further or be germane to the interests of either the corporation or the stockholders qua stockholders of Trans-United."

We think it is worthy to point out an additional make-weight against defendants' request, which is to be gleaned from the Business Corporation Law itself. In 1963 the legislature amended a number of sections

of that law, all of which amendments are contained in the Act of August 27, 1963, P. L. 1355. Section 516 of that act, 15 PS §2852-516, contains an entirely new section of the Business Corporation Law. It provides that in a suit brought to enforce a secondary right on the part of certain minority shareholders against any officer or director of a corporation, because such corporation refuses to enforce rights which may properly be asserted by it, the corporation in whose right such action is brought may at any stage of the proceedings require the plaintiff to give security for reasonable expenses which may be incurred by the corporation and by the other parties defendant in connection with such suit. We suggest that the legislature's failure since the enactment of the Business Corporation Law in 1933 to include a comparable provision for security in connection with a shareholder's right to examine corporate books and records manifests a legislative intent that such right accorded to a minority shareholder not be dependent upon the entering of any security.

Even assuming that defendants are being harmed in some fashion by the mere prosecution of this mandamus action, as they contend, such harm can be no different legally from the harm every defendant suffers before trial in an ordinary assumpsit or trespass action. It is damnum absque injuria. The possibility of litigation, with its attendant expense and vexation, is simply one of the incidents of modern life, both personal and corporate. There can be no immunity from it. So long as a litigant is given his or its day in court, and so long as no issue is finally adjudicated before a complete hearing, no power resides in a court to trammel the initiation and prosecution of litigation by impediments which are not specifically provided in the law.

For the reasons we have discussed, defendants' petition must be denied.

## ORDER OF COURT

Now, November 10, 1964, after argument, and upon consideration of the briefs of counsel, defendants' petition to order plaintiffs to enter security is hereby denied.