582 A.2d 87

**John J. SHAW, Appellant,**

v.

**Robert S. HURST et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided Oct. 29, 1990.

636

John K. Weston, Sacks, Basch, Brodie & Sacks, Philadelphia, for appellant.

Anthony J. Molloy, Jr., Molloy & McGill, Philadelphia, for appellees.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

John J. Shaw (Shaw) appeals an October 2, 1989 order of the Court of Common Pleas of Philadelphia County (trial court) denying his post-trial motions.

This case involves an attempt by Shaw, a member of Philadelphia Lodge No. 5, Fraternal Order of Police (FOP) and a member of Philadelphia Police Home Association (Home), to obtain access to corporate books, records and membership lists. Shaw is also a member of the board of directors of the FOP and was a candidate for president of the FOP in their October 1988 election. The lengthy procedural history of this dispute is as follows.

On February 17, 1988, Shaw served Robert S. Hurst (Hurst), president of both the FOP and Home, with a request for permission to inspect corporate documents in accordance with Section 7508 of the Non-profit Corporation Law of 1972, 15 Pa.C.S. § 7508.[1] When Shaw's request was not fully complied with, Shaw instituted a cause of action in equity seeking a preliminary injunction to allow him to examine the corporate records. After testimony was taken, the trial court, on July 29, 1988, granted inspection of some of the documents requested by Shaw. On appeal, this Court upheld the order of the trial court.[2]

Hurst, *et al*, attempted to prevent enforcement of the July 29, 1988 order and applied for a supersedeas which was denied by the trial court on August 4, 1988. Hurst then applied to this Court for a stay which we granted on August 5, 1988 and vacated on August 11, 1988.[3]

In the interim, Shaw initiated contempt proceedings at the trial court level which were held in abeyance pending our

1. Section 7508 was renumbered § 5508 by the Act of December 21, 1988, P.L. 1444; § 103.

2. This Court's opinion appears under the reverse caption *Hurst v. Shaw*, 121 Pa.Commonwealth Ct. 1, 549 A.2d 1349 (1988). A subsequent petition for allowance of appeal to the Supreme Court was denied *per curiam* August 2, 1989.

3. Hurst filed an application for review of this Court's August 11, 1988 order to the Supreme Court, which was denied *per curiam* on August 3, 1989.

determination of the stay. After we vacated the stay, the trial court held hearings on the contempt petition and subsequently issued an order on August 25, 1988 imposing certain sanctions on Hurst. Hurst then appealed the August 25, 1988 order, requested a stay which this Court denied, and applied for an injunction to preserve the status quo to the Supreme Court, which was denied on August 26, 1988.[4]

On August 29, 30 and 31 of 1988, Shaw conducted an inspection of the materials encompassed in the trial court's July 29, 1988 order. When Hurst neglected to provide certain documents during the course of that inspection, Shaw filed a second contempt motion. On November 30, 1988 the trial court held certain parties in contempt pursuant to that motion. Following substantial compliance with the trial court's order, the contempt order issued by the trial court was vacated on December 30, 1988.[5]

On the basis of materials obtained during the inspection, Shaw filed a motion for permanent injunction seeking access to those documents previously requested in the preliminary injunction but for which access had not been granted by the trial court's July 29, 1988 order. After testimony was taken, the trial court, on January 19, 1989, adopted its July 29, 1988 findings of fact, discussion, and conclusions of law and denied Shaw's request. Post-trial motions were

4. Hurst filed a second application for Supreme Court review of our denial of the second stay application which the Supreme Court also denied *per curiam* on August 3, 1989.

5. During the second round of contempt proceedings, approximately the same time as the hearing on the permanent injunction, Hurst filed a motion to dismiss the action on the basis that FOP and Home were not corporations and, hence, not subject to the provisions of former Section 7508, now § 5508, 15 Pa.C.S. § 5508. The motion was dismissed by the trial court on January 19, 1989 and was not appealed. In its Findings of Fact, the trial court found that both Home and FOP were corporations. This fact had previously been stipulated to by counsel, but was later retracted because no record of incorporation could be found. Because of the prior stipulation and the trial court's conclusion based upon evidence in the record, that both Home and the FOP are corporations, that determination will not be addressed herein.

filed by Shaw and denied by the trial court on October 2, 1989. This appeal followed.

The two issues presently before us are 1) whether the trial court erred in refusing to allow Shaw access to the complete books and records of the corporations and 2) whether the trial court erred in refusing to allow Shaw access to the corporate membership lists.

A member's right to inspect corporate records is set forth in 15 Pa.C.S. § 5508(b), which provides:

Every member shall, upon written demand under oath stating the purpose thereof, have a right to examine, in person or by agent or attorney, during the usual hours for business for any proper purpose, the membership register, books and records of account, and records of the proceedings of the members, directors and such other body, and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to the interest of such person as a member....

Article II, Section 2 of the constitution and bylaws of the National FOP and Article X, Section 2 of the constitution and bylaws of the Pennsylvania FOP provide that the mailing list of the names and addresses of members shall not be released without consent from the board of directors. The constitution and bylaws of the State and National FOP do not contain any restrictions as to the release of other corporation information. Hence, as there is no conflict between the bylaws and Shaw's request for access to checkbooks, ledgers and other books and records under § 5508(b), this issue will be addressed first.

As indicated earlier, any member of a non-profit corporation pursuant to 15 Pa.C.S. § 5508(b), and upon request, has a right to examine certain corporate records for *any proper purpose*, which is defined in 15 Pa.C.S. 5508(b) as a purpose reasonably related to the interest of such person as a member. Here, the trial court concluded that Shaw had established a proper purpose for examining the corporate records. The trial court even emphasized that

as a member of the board of directors Shaw had certain fiduciary responsibilities. Since the trial court found that Shaw had requested the corporate documents and that his purpose was proper, Shaw should not have been denied access to the requested material. *Sto–Rox Focus on Renewal Neighborhood Corporation v. King,* 40 Pa.Commonwealth Ct. 640, 398 A.2d 241 (1979).

■ With regard to the corporate membership list, the trial court denied Shaw's request on the basis that access thereto was restricted by the bylaws. The trial court found that the members of the FOP adopted bylaws which placed restrictions on the dissemination of the membership list of the organization. The membership list could only be released upon the consent of the board of directors with notification to the general membership, according to the bylaws. The trial court reasoned that a restriction on the general dissemination of the requested information promoted protection of the homes, families and persons of police officers whose home addresses were included on the membership list. In adopting this rationale, the trial court determined that the sections of the non-profit corporation code construing bylaws should not be relied upon. We disagree.

Section 7504, 15 Pa.C.S. § 7504(a) states that "bylaws may contain any provisions for the regulation and management of the affairs of the corporation not inconsistent with law or the articles." Section 7505 indicates that "bylaws of a nonprofit corporation shall operate merely as regulations...." The Supreme Court, in *Goldman v. Trans–United Industries, Inc.,* 404 Pa. 288, 171 A.2d 788 (1961), liberally construed a shareholder's right to access to corporate membership lists. *Cf. McClintock v. Young Republicans,* 210 Pa. 115, 59 A. 691 (1904) (the Supreme Court determined that it was manifest that the list of membership should be open to inspection, at proper times, to all members to enable the members an opportunity to aid in carrying out the objectives of the organization). As the trial court determined that Shaw's request for corporate doc-

uments was for a proper purpose and as no evidence was presented indicating the danger to the corporation or its members because of Shaw's access to the membership lists, such liberal construction should also be afforded in this case.

Accordingly, the trial court's denial of access to corporate documents and membership lists requested by Shaw was improper.

## ORDER

AND NOW, this 29th day of October, 1990, the October 2, 1989 order of the Court of Common Pleas of Philadelphia County is hereby vacated and the matter remanded to the trial court to enter an order granting Appellant access to corporate documents and membership lists requested in Appellant's Motion for permanent injunction.

Jurisdiction relinquished.