SMITH (HURLEY v.). See Case No. 6,920.

SMITH (HYER v.). See Cases Nos. 6,978 and 6,979.

———

## Case No. 13,064.

### SMITH v. JACKSON.

[1 Paine, 453.] [1]

Circuit Court, N. D. New York. Sept. Term, 1825.

COURTS—FEDERAL JURISDICTION—CIRCUIT COURT —DISTRICT COURT—SUPREME COURT —MANDAMUS.

1. The jurisdiction of the supreme court is pointed out by the constitution; but the distribution of the powers of the inferior courts is regulated and governed by the laws by which they are constituted.

2. The circuit courts have no supervising power or control over the district courts other than is given by the laws of the United States; which is to compel a rendition of a judgment or decree, and to re-examine it on error or appeal.

[3. Cited in The Martha, Case No. 9,144, as a case implying a doubt whether, after a definitive judgment pronounced, the court can revoke or reconsider that judgment.]

4. The circuit courts have no power to issue writs of mandamus, after the practice of the king's bench, but only where they are necessary for the exercise of their jurisdiction.

5. As, where a district court refuses to give judgment, a mandamus lies to compel it.

[Cited in The New England, Case No. 10,151.]

6. But a mandamus will not lie to a district court, to compel it to expunge amendments improperly made in the record returned to the circuit court on a writ of error.

———

[1] [Reported by Elijah Paine, Jr., Esq.]

[This was an action at law by Smith against Jackson. Heard on motion for a mandamus.]

T. A. Emmet and T. Wood, for plaintiff.
J. Lynch, for defendant.

THOMPSON, Circuit Justice. The application in this case is for a mandamus directed to the district judge of the Northern district of this state, requiring him to vacate a rule which had been granted, allowing certain amendments of the record in this cause, and also to vacate and annul such amendments. If it was proper to enter into an examination of the regularity of such amendments, or the authority of the district court, to allow them under the circumstances disclosed in the affidavits, the propriety of the amendments would at least be very questionable.

But the first inquiry is, whether, admitting the amendments to have been irregular and made without authority, it belongs to this court to order the rule to be vacated, and the record restored to its original form. Without the amendments, the record was clearly erroneous, and the judgment must have been reversed. They were material and essential for the purpose of showing that the district court had jurisdiction of the cause, and the avowed object of the mandamus is to expunge the amendments, so as to reverse the judgment upon a writ of error.

By the act of congress of the 9th of April, 1814 (4 Laws [Bior. & D.] 679 [3 Stat. 120]), the state of New-York is divided into two districts, and a district court directed to be held in each; and the act declares, "that the district court in the Northern district, shall, besides the ordinary jurisdiction of a district court, have jurisdiction of all causes except of appeals and writs of error, cognizable by law in a circuit court, and shall proceed therein in the same manner as a circuit court; and writs of error shall lie from decisions therein, to the circuit court in the said Southern district, in the same manner as from other district courts, to their respective circuit courts." By the 11th section of the judiciary act of 1789 (2 Laws [Bior. & D.] 61 [1 Stat. 78]), it is declared, that "the circuit courts shall have appellate jurisdiction from the district courts, under the regulations and restrictions hereinafter mentioned," and which is provided for by the 22d section of the same act, which declares "that final decrees and judgments in civil actions in a district court, where the matter in dispute exceeds the sum or value of fifty dollars exclusive of costs, may be re-examined, and reversed or affirmed in a circuit court holden in the same district."

The only jurisdiction therefore expressly given to this court over the proceedings of the district court, in the Northern district, is to re-examine and reverse or affirm its final decrees and judgments; and which can only be done on appeal or writ of error. If then

this court has authority to issue a mandamus, it must result as an incident to its appellate power, and grow out of the 14th section of the judiciary act, which gives to the courts of the United States power to issue "all writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law." It is necessary that final judgment should be given before this court can assert its jurisdiction over it by writ of error. If the district court should refuse to give judgment, a proper case would be presented for a mandamus to compel the court to proceed and give judgment.

This court has not the like superintending authority over the district courts, as the king's bench in England, and the supreme court of this state have over inferior tribunals. Many cases therefore which have arisen in those courts where writs of mandamus have been issued, are not applicable here. Although the judicial power under the constitution may be broad enough, yet congress has not seen fit to give to the circuit courts any other control over the district courts, than a re-examination of their final judgments and decrees. The constitution vests the judicial power of the United States in one supreme court, and in such inferior courts as the congress may from time to time ordain and establish. The jurisdiction of the supreme court is pointed out by the constitution. But the distribution of the powers of the inferior courts, is regulated and governed by the laws by which they are constituted.

This seems to be the light in which these courts have been viewed by the supreme court. In the case of M'Intire v. Wood, 7 Cranch [11 U. S.] 504, it was decided that the power of the circuit courts to issue writs of mandamus, is confined by the judiciary act of 1789, exclusively to those cases in which it may be necessary to the exercise of their jurisdiction. That was a case where application was made to the circuit court of Ohio, for a mandamus to the register of a land-office, commanding him to issue a final certificate of purchase of certain lands. The court in delivering its opinion, said, if the 11th section of the judiciary act had covered the whole ground of the constitution, there would be much reason for exercising this power in many cases wherein some ministerial act is necessary to the completion of an individual right arising under the laws of the United States, and the 14th section of the same act would sanction the issuing of the writ of mandamus for such a purpose; but although the judicial power of the United States extends to cases arising under the laws of the United States, the legislature has not thought proper to delegate that power to its circuit courts. except in certain specified cases. This question is again brought up, and the same doctrine maintained and established in the case of M'Clung v. Silliman, 6 Wheat. [19 U. S.] 598.

It is very evident that the want of jurisdiction in the circuit court in these cases, did not arise from the circumstance, that the application was for a mandamus to a ministerial officer, but because the power was not given by any law of the United States. If the authority of the circuit court to issue a mandamus, stood on the same footing with that of the king's bench in England, or the supreme court of this state, it might have been exercised in the cases referred to. For in numerous instances have those courts exercised the authority in analogous cases. But in the sense of the constitution, the circuit as well as the district courts are inferior courts, and their respective jurisdiction is pointed out by acts of congress, and the former has no supervising power or control over the latter, other than is given by laws of the United States, and which, as has before been observed, is to compel a rendition of a judgment or decree, and to re-examine the same on writ of error or appeal.

It may not be amiss barely to observe, that the complaint in this case is for having improperly allowed certain amendments, which generally rest in the sound discretion of the court when the proceedings are pending, and if this was a matter resting in the discretion of the district court, it cannot be corrected or controlled either by a mandamus or writ of error. But the motion in this case is denied on the ground that this court has not authority to issue the mandamus applied for. Motion denied.

[A motion was afterwards made to set aside a judgment of reversal in this cause. The motion was denied. Case No. 13,065.]