## GRAHAM *v.* NORTON.

Mandamus from the District Courts will not lie by an assignee in bankruptcy, representing sundry bankrupts, against the auditor of a State, to recover from the State, taxes long before paid into the State treasury, upon the ground that the legislature had by law directed them to be refunded to the parties who had paid the same, or to their representatives. Such a mandamus is not ancillary to a jurisdiction already acquired, but is in effect an original proceeding.

ERROR to the Circuit Court for the District of Louisiana; the case being this:

The 13th section of the Judiciary Act enacts* that—

"The Supreme Court shall have power to issue writs of mandamus in cases warranted by the processes and usages of law to any courts appointed or persons holding office under the authority of the United States."

The 14th section, referring to certain courts of the United States, including the Circuit and District Courts, enacts that they

"Shall have power to issue writs of *scire facias, habeas corpus,* and ALL OTHER writs not specially provided for by statute which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law."

With these statutory enactments in force, one Norton, the assignee in bankruptcy of certain bankrupts, presented, in May, 1871, his petition to the District Court of the United States, setting forth that before the persons now represented by him had been declared bankrupts, they had each paid to the State of Louisiana certain amounts respectively, "as taxes imposed by it under an act of the legislature; that the legislature had then recently, by a more recent act, declared the illegality of the said taxes, and enacted that they should be refunded to the parties who paid them, or to their proper representatives, and that the auditor of public accounts of

---

* 1 *Stat. at Large,* 81.

the State should issue to the said parties, or to their proper representatives, certificates of the amount paid by them; that by operation of law, and the assignments of all the assets, rights, and interests, to the petitioner of the said bankrupts, he, the said Norton, was entitled to the several amounts illegally collected by the State and to receive from the auditor the certificates; which, however, the auditor refused to issue to him; he accordingly prayed for a mandamus ordering the auditor of public accounts, one Graham, to deliver to him, as assignee in bankruptcy of the persons mentioned, certificates for the amount of taxes illegally collected," &c.

The District Court granted the mandamus and the Circuit Court affirmed its action; whether rightly was now the question here on appeal by the auditor.

*Mr. P. Phillips* (*a brief of Mr. T. Hunton being filed on the same side*), *for the appellant; Mr. T. J. Durant, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

We are of opinion that neither the District nor the Circuit Court had jurisdiction to issue a writ of mandamus in this case.* This court has held that the writ may be used for the purpose of enforcing a judgment rendered by the Circuit Court, where its use by the State court for that purpose is sanctioned by State laws, but in such cases it is used as a process for the enforcement of judgments and not as an original proceeding.

In the thirteenth section of the Judiciary Act this court is clothed with power to issue "writs of mandamus in cases warranted by the processes and usages of law to any courts appointed or persons holding office under the authority of the United States."† This express authority to issue writs of mandamus to National courts and officers has always been held to exclude authority to issue these writs to State courts and officers.‡ The only exception is that just adverted to,

---

* Riggs *v.* Johnson County, 6 Wallace, 186.　　† 1 Stat. at Large, 81.

‡ Riggs *v.* Johnson County, 6 Wallace, 189.

where they have been issued as process to enforce judgments.

The fourteenth section clothes all the courts of the United States with power to issue certain specific writs, and all other writs which may be necessary for the exercise of their respective jurisdictions. Of course Circuit Courts may issue writs of mandamus when necessary to the exercise of their jurisdiction, but they have no authority to issue it as an original writ in any case. The absence of the power in the Circuit Courts to issue writs of mandamus, except as ancillary to a jurisdiction already acquired, is so well explained in *Bath County* v. *Amy*,* that it is unnecessary to pursue the subject further.

JUDGMENT REVERSED, and the case remanded with directions to

DISMISS THE SUIT FOR WANT OF JURISDICTION.

Mr. Justice BRADLEY:

I concur in the judgment of the court, on the ground that the case was not on its merits a proper one for a mandamus. I think it unnecessary to pass upon the question whether the bankrupt court may or may not in any case issue a mandamus to an officer of a State.