ROSENBAUM *v.* BOARD OF SUP'RS, etc.

*(Circuit Court, D. California. May 24, 1886.)*

1. MANDAMUS—JURISDICTION OF THE CIRCUIT COURT—WHEN GIVEN.
   The United States circuit court has no jurisdiction to entertain an application for a *mandamus*, originally presented therein, except as ancillary to some other proceeding establishing the demand, and reducing it to judgment, and in the nature of process for executing such judgment.

2. SAME — JURISDICTION — REMOVAL FROM STATE TO UNITED STATES COURTS — CONSTRUCTION OF ACT OF CONGRESS OF 1875. §§ 1, 2, 716.
   Jurisdiction of a writ of *mandamus* cannot be conferred upon the United States circuit court by commencing the proceeding in the state court, and then removing it to the United States circuit court, under the act of congress of 1875.

3. SAME—ACT OF CONGRESS OF 1875, §§ 1, 2.
   A *mandamus* is not "a suit of a civil nature, at law or in equity," within the meaning of the act of congress of 1875.

4. SAME—CODE CAL. §§ 1034, 1086.
   Under the California Code a *mandamus* is not regarded as an action at law or a suit in equity, in the *ordinary* sense in which those terms are used; but as a special proceeding to afford a remedy where there is not a plain, speedy, and adequate remedy "in the *ordinary* course of law."

*A. L. Rhodes,* for petitioner.

*John Lord Love,* for respondents.

Before SAWYER, circuit judge.

SAWYER, J. This court has no jurisdiction to entertain an application for a *mandamus*, originally presented herein, except as ancillary to some other proceeding establishing the demand, and reducing it to

judgment, and in the nature of process for executing such judgment. *Liebman* v. *San Francisco*, 24 Fed. Rep. 713–722; *McIntire* v. *Wood*, 7 Cranch, 505; *Bath Co.* v. *Amy*, 13 Wall. 247, 248; *Graham* v. *Norton*, 15 Wall. 428; *County of Greene* v. *Daniel*, 102 U. S. 195; *Davenport* v. *Dodge Co.*, 105 U. S. 242.

Can jurisdiction be conferred upon the court by commencing the proceeding in the state court, which has jurisdiction in this form of proceeding, and then removing it to this court under the act of 1875? I am satisfied that it cannot. The case of *Claflin* v. *Commercial Ins. Co.*, 110 U. S. 81, 89, S. C. 3 Sup. Ct. Rep. 507, relied on by petitioner, does not reach the case. In that case the decision was rested expressly on the ground that section 2 of the act of 1875 is broader than section 1, since it contains no such limitation, as to the right of an assignee to sue in the national courts, as is found in section 1. In the case now under consideration, the language, "any suit of a civil nature, at law or in equity," in the second section, is no broader than the language, "all suits of a civil nature, at common law or in equity," in section 1. If, therefore, section 1 does not embrace this case, section 2, for like reasons, does not embrace it, and cannot give jurisdiction by removal. That section 1 does not embrace the case is clear, from the cases already cited; otherwise the court would have jurisdiction as an original proceeding instituted in this court. Therefore, section 2 does not reach it, or authorize a removal.

A *mandamus* is not "a suit of a civil nature, at law or in equity," within the meaning of the act. Jurisdiction to issue writs of *mandamus* is not derived from section 1 of the act of 1875, and it was not derived from the corresponding provisions of the act of 1789, being section 11 of that act. This jurisdiction rests upon the provisions of section 716, the section upon this point corresponding to section 14 of the act of 1789. This point is expressly settled by the supreme court in *Bath Co.* v. *Amy*, 13 Wall. 248. If not a suit of a civil nature, within the meaning of the act of 1789, it cannot be one within the meaning of the same language in the act of 1875. A *mandamus*, therefore, is not a suit of a civil nature, within the meaning of any provision of the act of 1875, and is not removable under it.

So, also, under the Code of Civil Procedure of California, a *mandamus* is not regarded as a "civil action," in the *ordinary sense* of that term. "Remedies are divided into two classes: (1) Actions; (2) special proceedings." Code Civil Proc. 21. Sections 22 and 23 define these remedies: "An *action* is an *ordinary* proceeding in a court of justice, by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 22. "*Every other* remedy is a *special* proceeding." See, also, sections 307, 1063. A *mandamus* is defined by section 1034, and it can only be issued "where there is not a plain, speedy, and adequate remedy in the *ordinary course* of law." Section 1086. It is issued only upon affidavit.

Section 1087. Thus, under the California Code, a *mandamus* is not regarded as an "action at law" or a "suit in equity," in the *ordinary* sense in which those terms are used, but as a special proceeding, to afford a remedy where there is not a plain, speedy, and adequate remedy "in the *ordinary* course of law." Much less is it "an action at law or a suit in equity," within the provisions of either section of the act of congress of 1875, under which the courts have no jurisdiction of the writ, except where employed as ancillary to some other remedy, in the nature of an execution, to carry a judgment in some action into effect.

It may well be doubted, also, whether the case is a suit "of a civil nature, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars," within the meaning of the removal act. It is not a suit to recover a judgment. There is no *ad damnum* clause in the petition, and no prayer for a money judgment. No ascertainment of value is sought or had. It is not a proceeding against the city of San Francisco, or any corporation or person alleged to be liable for any money demand whatever. It is merely a proceeding against certain officers personally, in their official capacity, who, it is alleged, refuse to discharge a public duty imposed upon them by law, for the purpose of setting them in motion,—a proceeding to compel them to act; to discharge an official duty. If the writ issues, it will of itself, alone, afford no remedy. When respondents act, only one step towards a remedy is made. The machinery is only started. If a tax is levied and raised, other actions may be necessary to establish the right, and other proceedings by *mandamus*, against other officers, may be necessary to obtain a remedy. In *Kurtz* v. *Moffitt*, 115 U. S. 487, S. C. 6 Sup. Ct. Rep. 148, the supreme court, affirming the judgment of this court, held that a *habeas corpus* proceeding is not removable, because the matter in dispute does not involve a money value of $500. The case of *Stewart* v. *Virginia*, 117 U. S. 613, S. C. 6 Sup. Ct. Rep. 922, also, appears to be directly in point on this question of money value.

It appears to me, that the principle in these cases established is equally applicable to this case, and that it is not removable on that ground also. But neither proceeding is a suit at law, within the meaning of the act of 1875. The jurisdiction in *habeas corpus* cases is derived from section 751, Rev. St., and not from the sections conferring general jurisdiction.

The case must be remanded to the state court, and it is so ordered.