David Ralph HERTZ and Samuel
A. Horvitz

v.

RECORD PUBLISHING COMPANY
OF ERIE, Appellant.

No. 11327.

United States Court of Appeals,
Third Circuit.

Argued Oct. 8, 1954.

Decided Jan. 5, 1955.

Rehearing Denied Feb. 2, 1955.

Writ of Certiorari Denied
April 18, 1955.
See 75 S.Ct. 601.

See also, D.C., 105 F.Supp. 200.

William W. Knox, Conrad A. Pearson, Erie, Pa., for appellant.

Charles E. Kenworthey, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellees.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

Plaintiffs, David Ralph Hertz and Samuel A. Horvitz, citizens of Ohio, brought an action in the United States District Court for the Western District of Pennsylvania against the Record Publishing Company of Erie, a Pennsylvania corporation. Plaintiffs alleged that Hertz was the owner of 150 shares of defendant corporation's stock which he had agreed to sell to Horvitz and that the corporation had refused, after proper demand, to cancel Hertz's stock certificate and issue a new one to Horvitz.

The complaint asked for an order directing the corporation to issue the new certificate and "for such other orders, judgments and relief as may come to be suitable and proper * * *."

The corporation's answer denied that Hertz was the owner of the 150 shares of stock or that he was in a position to transfer title thereto. (The answer set forth other defenses which will be considered later.) After the pleadings were closed, the corporation filed a suggestion of lack of jurisdiction. The district court held that its jurisdiction was proper.[1]

On this appeal, the corporation renews the jurisdictional objection, contending that the relief sought by the plaintiffs was in the nature of an original writ of mandamus and that a federal district court has no jurisdiction to issue writs of mandamus except in aid of its jurisdiction independently acquired.

The Supreme Court long ago decided that the grant of authority to the federal courts by Congress to hear suits at common law or at equity did not include authority to issue an original writ of mandamus, but that a federal court could issue the writ in aid of its proper jurisdiction to hear suits at law or in equity. McIntire v. Wood, 1813, 7 Cranch 504, 3 L.Ed. 420; Rosenbaum v. Bauer, 1887, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743; Covington & C. Bridge Co. v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111. Assuming, without deciding, that the requested order directing the corporation to issue a new certificate was a writ of mandamus,[2]

---

1. There are two reported district court decisions in this case. One at, 1952, 105 F.Supp. 200, discusses jurisdiction; another at, 1952, 102 F.Supp. 689, deals with the indispensable party issue discussed later in this opinion. The decision on the merits and the final order are not reported.

2. Whether or not the order is mandamus is immaterial since we hold that the issuance of the order was in aid of the court's jurisdiction to try title to the stock. However, even if title to stock were not in issue, the district court had jurisdiction to issue the order. Under Pennsylvania law a shareholder has the substantive right to have his stock transferred on the corporation's books and to have a new certificate issued. Mandamus is available to him by statute. If, however, title is at all doubtful, mandamus will not lie. Leff v. N. Kaufman's, Inc., 1941, 342 Pa. 342, 20 A.2d 786, 139 A.L.R. 267. Many states consider an action in equity proper to compel the transfer of stock and the issuance of a new certificate. 12 Fletcher, Cyclopedia, Corporations § 5519 (1932). Pomeroy says, " * * * it is well settled that * * * equity has jurisdiction to compel the corporation to make the transfer and issue new certificates * * *." 4 Pomeroy, Equity Jurisprudence § 1412 (5th ed. 1941). The federal courts have recognized that equity has this power. National Bank v. Watsontown Bank, 1881, 105 U.S. 217, 26 L. Ed. 1039.

The appellant corporation argues that since Pennsylvania's remedy is mandamus, the federal court is limited to that remedy. However, a federal court can enforce a state-created substantive right and fashion its own remedy, especially where the result would be substantially the same as in a state proceeding. Federal remedies are not limited or affected by state law. See Guaranty Trust Co. of N. Y. v. York, 1945, 326 U.S. 99, 106, 65 S.Ct. 1464, 89 L.Ed. 2079; Black & Yates, Inc., v. Mahogany Ass'n, Inc., 3

the issuance of the writ here was clearly in aid of the court's proper jurisdiction to hear a case or controversy in equity. The plaintiffs alleged that title to the stock was in Hertz and requested all appropriate relief. In view of the defendant's denial of Hertz's title, it was proper for the district court to treat the case as one in which a determination of title to stock was requested.[3]

■ The next question raised by the corporation is whether a determination made by a Pennsylvania state court six years prior to the present decision, that Hertz was not the sole owner of the 150 shares of stock, was res judicata, precluding a decision by the federal district court that Hertz was the owner of the stock.

Hertz purchased the corporation's stock in 1946 and was issued a stock certificate in his own name. Subsequent to the purchase, he made a demand upon the corporation for his right to inspect certain corporate books and records. The corporation refused to permit the inspection, whereupon Hertz, in early 1947, brought an action in the Court of Common Pleas of Erie County, Pennsylvania, requesting that the corporation be directed to permit him to inspect the books and records. The jury rendered a verdict for the defendant, and, in response to specific questions from the judge, answered that the plaintiff was not the sole and absolute owner of the stock in his own right and that the requested inspection of the corporation's books was for an improper purpose.

Assuming that the specific determinations made by the jury are res judicata between Hertz and the corporation, the only relevant determination was that on January 21, 1948, Hertz was not the sole owner of the stock in his own right. That which the district court decided was that Hertz was the sole owner of the stock on June 1, 1949. These two determinations are not inconsistent. The issue decided in the state court was not the same issue decided in the district court, and thus the principles of res judicata are not applicable.

■■ The corporation points out that under Pennsylvania law there is a presumption that a status or relationship once shown to exist is presumed to continue in the absence of evidence to the contrary.[4] This presumption of law, however, disappears when contrary evidence of the fact in issue is introduced. See Morse Boulger Destructor Co. v. Arnoni, 1954, 376 Pa. 57, 101 A.2d 705; 9 Wigmore, Evidence § 2491 (3d ed. 1940). In the present case, the evidence presented was sufficient to warrant a finding that Hertz was the sole owner of the stock on June 1, 1949, and on that date transferred that ownership to Horvitz.

■■ The last point raised on this appeal by the corporation is that the district court should have dismissed the complaint because indispensable parties were lacking, for Pennsylvania law requires that share certificates be signed by the President and Secretary or by such officers as the by-laws may provide. The district court's order was made against the defendant corporation. Even if, in a suit in a Pennsylvania court, such officers are indispensable as a procedural requirement, they are not necessarily indispensable in a federal court. In a diversity case, state substantive law

Cir., 1942, 129 F.2d 227, certiorari denied, 1942, 317 U.S. 672, 63 S.Ct. 76, 87 L. Ed. 539.

3. We are told by appellant corporation that Hertz and Horvitz asked for a writ of mandamus and not a declaratory judgment as to title to the stock. Hertz and Horvitz did not label their claim and were not required to do so. They asked for all appropriate relief, and the trial judge treated this as a request to determine title to stock. The defendant corporation was aware from the beginning that the complaint would be so treated and were not thereby prejudiced.

4. In this case the presumption is very weak at best because of the lapse of time and the nature and character of the property.

**400**

will govern in determining the rights and interests of all concerned. After those rights and interests have been ascertained by state law, a federal court will determine indispensability of a party according to its own rules, taking into consideration whether justice can be done and complete relief afforded. This will depend, of course, on the substantive rights created by the state. In this case, the corporate officers have no personal interest or substantive right which is affected by the district court's order nor were they necessary to afford the plaintiffs complete and adequate relief. That they will be required to sign the certificate, a purely ministerial act, does not make them indispensable. See Kroese v. General Steel Castings Corp., 3 Cir., 1950, 179 F.2d 760, 15 A.L.R.2d 1117; 3 Ohlinger's Federal Practice, 355 et seq. (1948).

For the foregoing reasons, the judgment of the district court will be affirmed.