## MacNEIL BROS. COMPANY

v.

**Harold P. WILLIAMS, Associate Justice Supreme Judicial Court Commonwealth of Massachusetts.**

Civ. A. 55–953.

United States District Court
D. Massachusetts.

Jan. 25, 1956.

A. M. MacNeil, Somerville, Mass., for plaintiff.

George Fingold, Atty. Gen., Arnold H. Salisbury, Asst. Atty. Gen., for defendant.

FORD, District Judge.

Plaintiff complains that in the course of litigation in the courts of Massachusetts between plaintiff and State Realty Co. of Boston, Inc., involving a mortgage held by the latter on certain real estate of plaintiff, the defendant, a Justice of the Supreme Judicial Court of Massachusetts, has entered certain orders, and thereafter refused to discharge them on request of plaintiff, with the re-

sult that plaintiff is allegedly being deprived of its property without due process of law and without adequate compensation. Plaintiff asks this court to issue a writ of mandamus directing defendant to vacate the orders in question and to take other steps plaintiff contends are necessary for the protection of its rights.

■ It is doubtful whether the complaint states any claim upon which relief may be granted. It is not alleged that the matter involved was not within the jurisdiction of defendant as a justice of the state court. If, as alleged, his action was erroneous, the remedy is by way of appeal to the full court, and not by writ of mandamus in a federal court. Biggs v. Ward, 7 Cir., 212 F.2d 209, 210; Murphy v. United States District Court, etc., 9 Cir., 145 F.2d 1018, 1021.

■ Jurisdiction is claimed solely on the basis of violation of the plaintiff's constitutional rights, presumably under the Fourteenth Amendment. An allegation of an erroneous decision by a state judge, acting within his jurisdiction, is not an allegation of violation by the state of a right of plaintiff under the Fourteenth Amendment which will bring the action within the jurisdiction of this court. Shemaitis v. Reid, 7 Cir., 193 F. 2d 119; Campo v. Niemeyer, 7 Cir., 182 F.2d 115. Cf. Francis v. Crafts, 1 Cir., 203 F.2d 809.

■ However, the basic reason for dismissing this complaint must be that this court has no jurisdiction to grant the only relief requested. The power of this court to issue a writ of mandamus (or more properly to grant relief in the nature of a writ of mandamus, Rule 81 (b), Fed.Rules Civ.Proc. 28 U.S.C.A.) is confined exclusively to a case where the writ may be necessary to the exercise of its jurisdiction. The exercise of the power is strictly ancillary to some other cause of action. The present action is an original one, dependent on no other action before this court, and the relief requested would in no way affect the jurisdiction of this court in any other matter before it. The use of the writ in this instance to review the action of a state judge in a matter in which this court has no other interest, would lie completely outside the jurisdiction of this court. Youngblood v. United States, 6 Cir., 141 F.2d 912, 914, and cases there cited.

Defendant's motion to dismiss is allowed and the action is dismissed.