**NEWARK MORNING LEDGER CO.**

v.

**REPUBLICAN COMPANY, Springfield Union Publishing Company, Republican Publishing Company, Charles R. Meyrick, Sidney R. Cook and Mary E. Gallagher.**

**Civ. A. No. 60–689.**

United States District Court
D. Massachusetts.

Nov. 14, 1960.

David Burstein, Boston, Mass., for plaintiff.

Robert W. Meserve, James P. Lynch, Jr., Nutler, McClennen & Fish, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Plaintiff, a New Jersey corporation and a minority stockholder of defendant The Republican Company, a Massachusetts corporation, brings this diversity action for an order directing the defendants to permit plaintiff to examine the property and all books of account and records of The Republican Company and to make copies and abstracts therefrom. Defendants move to dismiss.

The only relief specifically sought by plaintiff is clearly an order in the nature of mandamus. In the Massachusetts courts mandamus would be the proper procedural remedy to provide the full relief sought here, although as to certain of the books and records a remedy in equity is also provided by statute. Mass. C.L.Ch. 155 § 22.

The writ of mandamus as such has been abolished by Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C.A., but relief may still be granted by way of an order in the nature of mandamus. However, such relief may be granted only when before the adoption of 81(b) the remedy of mandamus would have been available. This court has no general original power to issue orders in the nature of mandamus in cases where that is the only relief sought. Its power to issue such orders is confined to cases where it is done as an ancillary proceeding in aid of jurisdiction acquired on other grounds. Covington & C. Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Marshall v. Crotty, 1 Cir., 185 F. 2d 622; Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673; Youngblood v. United States, 6 Cir., 141 F.2d 912; MacNeil Bros. Company v. Williams, 137 F.Supp. 687. The case of Hertz v. Record Publishing Company of Erie, 3 Cir., 219 F.2d 397, strongly relied on by plaintiff, is clearly a case in which the order was issued in aid of the court's jurisdiction of the principal issue involved in the case, the determination of title to certain shares of stock. And there is nothing in these cases to support plaintiff's contention that a distinction should be made between the issuance of an order in the nature of mandamus to a public officer and one to a private corporation and its officers.

Defendants' motion to dismiss is allowed.