**J. David STERN et al.**

v.

**SOUTH CHESTER TUBE COMPANY.**

Civ. A. No. 31033.

United States District Court
E. D. Pennsylvania.

March 21, 1966.

David Freeman, Philadelphia, Pa., Richard H. Wels, New York City, for plaintiffs.

Ralph Earle, II, Richard P. Brown, Jr., W. James MacIntosh, Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

DAVIS, District Judge.

The plaintiff stockholders have instituted this diversity action solely to compel the corporate defendant to permit them "to examine [its] share register, [its] books of account and records, the records of the proceedings of its shareholders and directors, and the books and records of account of its subsidiary corporation."

The matter now before the court is the defendant's motion to dismiss the complaint for lack of jurisdiction over the subject matter. The defendant contends first of all that the United States District Court has no power to grant relief solely in the nature of a Writ of Mandamus and secondly that the matter in controversy does not exceed the jurisdictional amount of $10,000. Because of the court's decision on the first ground, it will be unnecessary to reach the second.

Since the early years of our Republic, the United States Supreme Court and the inferior federal courts have inter-

preted the jurisdictional statute, now 28 U.S.C. § 1332 [1] and the All Writs Act now 28 U.S.C. § 1651,[2] as denying to what are now the Federal District Courts the right to issue a writ of mandamus or a writ in the nature of mandamus unless it is ancillary to some other relief sought. Knapp v. Lake Shore & Michigan Southern Railway Co., 197 U.S. 536, 25 S.Ct. 538, 49 L.Ed. 870 (1905); Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743 (1887); McClung v. Silliman, 19 U.S. (6 Wheat.) 598, 5 L.Ed. 340 (1821); McIntire v. Wood, 11 U.S. (7 Cranch) 504, 3 L.Ed. 420 (1813); Marshall v. Crotty et al., 185 F.2d 622 (1st Cir. 1950); Fineran et al. v. Bailey, 2 F.2d 363 (5th Cir. 1924); Newark Morning Ledger Co. v. Republican Co., 188 F.Supp. 813 (D.Mass.1960); People of United States ex rel. Barmore v. Miles, 177 F.Supp. 172 (W.D.Mich.1959); Robert Hawthorne, Inc. v. United States Department of Interior, 160 F.Supp. 417 (E.D.Pa.1958); Rosen v. Alleghany Corp., 133 F.Supp. 858 (S.D.N.Y.1955). See "Mandatory Injunctions as Substitutes for Writs of Mandamus in the Federal District Courts; A Study in Procedural Manipulation", 38 Colum.L.Rev. 903 (1938).

In McClung v. Silliman, 19 U.S. (6 Wheat.) 598, 5 L.Ed. 340 (1821), the plaintiff brought a diversity action for a writ of mandamus against a register of the United States land office in Ohio to compel him to deliver certain documents of title. Although the plaintiff argued that the existence of diversity of citizenship was sufficient to allow the adjudication of the suit in federal court, the decision of the Supreme Court was to the contrary. It held that the trial court had no power over a pure mandamus proceeding because the writ of mandamus was not "necessary for the exercise of its juris-

diction" under the All Writs Act and could not be used as a basis to obtain jurisdiction not already possessed. The Court asserted:

"It cannot be denied, that the exercise of this power is necessary to the exercise of jurisdiction in the court below, but why is it necessary? Not because that court possesses jurisdiction, but because it does not possess it. It must exercise this power, and compel the emanation of the legal document, or the execution of the legal act by the register of the land office, or the party cannot sue.

"[The All Writs Act] could only have been intended to vest the power now contended for, in cases where the jurisdiction already exists and now where it is to [be] courted or acquired, by means of the writ proposed to be sued out."

In Rosenbaum v. Bauer, 120 U.S. 450, 456–457, 7 S.Ct. 633, 636–637 (1887), a diversity case where the right of action rested on a state statute as in the case at bar, the Supreme Court specifically asserted that the All Writs Act restricted the federal trial court's diversity jurisdiction over "all suits of a civil nature, at common law or in equity" by "operat[ing] to prevent original cognizance * * * of a proceeding by *mandamus* not necessary for the exercise of a jurisdiction which had previously otherwise attached." See also Knapp v. Lake Shore & Michigan Southern Railway Co., 197 U.S. 536, 541–542, 25 S.Ct. 538 (1905); McIntire v. Wood, 11 U.S. (7 Cranch) 504, 3 L.Ed. 420 (1813). Although 28 U.S.C. § 1332(a) now reads that the district courts have jurisdiction of "all civil actions" with certain exceptions not relevant here, these words were merely substituted for the earlier word-

1. (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State, and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

2. The All Writs Act provides that the lower federal courts: "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

ing in order to conform to the language of Rule 2 of the Federal Rules of Civil Procedure. They do not in any way change the meaning of the earlier phraseology. Rosen v. Alleghany Corp., 133 F.Supp. 858 (S.D.N.Y.1955).

▇▇▇▇ Whether the relief sought is in the nature of a writ of mandamus must depend on the historical use of the writ at the time of the enactment of the jurisdictional statute and the All Writs Act and not on the particular appellation given to the remedy or relief afforded by the state law which would otherwise apply to the case. The federal statutes restrict the mandamus power of the district courts and a state's characterization of the form of the cause of action or relief can hardly expand or limit the courts' jurisdiction. See *Rosenbaum v. Bauer, McClung v. Silliman, McIntire v. Wood,* supra. In any event, the question here is moot since both the Pennsylvania and the general common law remedy to compel the inspection of corporate records is mandamus. Spang v. Wertz Engineering Company, 382 Pa. 48, 51, 114 A.2d 143 (1955); Taylor v. Eden Cemetery Co., 337 Pa. 203, 10 A.2d 573 (1940); Hodder v. George Hogg Co., 223 Pa. 196, 72 A. 553 (1909); 5 Fletcher, Cyclopedia Corporations §§ 2250–2252 (Rev. ed. 1952).

Whatever the merits or demerits of the interpretation given to statutes 28 U.S.C. § 1332 and the All Writs Act, the courts have adhered to this restriction on their power even though one decision characterized it as "an outworn technicality." Marshall v. Crotty, 185 F.2d 622, 627 (1st Cir. 1950). In 1962, the Congress took cognizance of this recognized limitation [3] and passed a statute, 28 U.S.C. § 1361, providing the district courts with jurisdiction in mandamus actions against officials of the United States government. However, it did not broaden the act to include such actions against private per-

sons or corporate officers and to this extent the previous decisional law stands.

A number of relatively recent cases which have faced the identical issue now before this court have held that the federal district courts do not have the power to compel a defendant corporation to allow a shareholder to examine its books and records since the relief sought is in the nature of mandamus. Newark Morning Ledger Co. v. Republican Co., 188 F. Supp. 813, 814 (D.Mass.1960); Selman v. Colborn, 143 F.Supp. 112, 113 (S.D. N.Y.1956); Breswick & Co. v. Briggs, 136 F.Supp. 301, 303–304 (S.D.N.Y. 1955); Rosen v. Alleghany Corp., 133 F. Supp. 858, 864–865 (S.D.N.Y.1955). These cases are controlling of the instant action.

Nevertheless, the plaintiff relies on Hertz v. Record Publishing Company, 219 F.2d 397 (3d Cir. 1955); cert. denied 349 U.S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 for the proposition that the federal district courts have such jurisdiction. In that case, one plaintiff had sold 150 shares of stock of the defendant corporation to the other plaintiff. They brought suit to compel the defendant to issue a stock certificate to the plaintiff vendee, an act which the defendant had refused to perform on the ground that the plaintiff vendor had not been the owner of the stock and thus could not transfer what he did not own. The corporation made the argument that the court lacked jurisdiction because a writ of mandamus was the relief sought. The court held, however, that the action was really one in equity to determine title to the stock and that any issuance of a writ of mandamus would only be an aid to the adjudication of that matter.

The case at bar is not analogous to *Hertz,* for all that is requested here is the right to scrutinize the books and records of the defendant where the traditional remedy has been mandamus. Un-

---

3. S.Rep.No.1992, 87 Cong., 2d Sess. p. 2784 (1962); See Byse, "Proposed Reforms in Federal "Nonstatutory" Judicial Review: Sovereign Immunity, Indispensable Parties, Mandamus," 75 Harv.L.Rev.

1479 (1962); "Mandatory Injunctions as Substitutes for Writs of Mandamus in the Federal District Courts; A Study in Procedural Manipulation," 38 Colum.L.Rev. 903 (1938).

**332**

like *Hertz,* there is no other claim before this court to which any relief in the nature of mandamus might be ancillary.

The undersigned is not unmindful of the very recent decision of The Susquehanna Corporation v. General Refractories Co. et al., E.D.Pa., February 14, 1966, 250 F.Supp. 797; aff'd per curiam, 3d Cir. Mar. 2, 1966, 356 F.2d 985, (Hastie, J. dissenting), where a corporation was enjoined from holding a stockholders' meeting unless and until the plaintiff stockholder had been allowed to scrutinize its books and records. There, however, the court specifically found that the remedy of mandamus, being at law, was inadequate due to the imminence of the meeting at which the stockholders were to vote upon a certain transaction that the plaintiff opposed. The court then invoked its equitable powers because of insufficiency of the legal remedy. The case at bar is clearly distinguishable since no such urgency or danger of irreparable harm is alleged and there is no showing that the remedy of mandamus is inadequate.

■ Finally the plaintiff argues that if this court has no mandamus power in this case the only forum in which this action can be brought are the courts of Pennsylvania, a result, it is contended, that would undermine the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), and their progeny. The short answer to this contention is the right of Congress to restrict as it sees fit the diversity jurisdiction and remedies of the inferior federal tribunals. The cases talk in terms of this kind of a limitation imposed by Congress on the power of the federal courts to issue mandamus so that the doctrine of Erie R. Co. v. Tompkins, which presupposes jurisdiction, has no effect on this restriction. See Knapp v. Lake Shore & Michigan Southern Railway Co., 197 U.S. 536, 542, 25 S.Ct. 538 (1905); McIntire v. Wood, 11 U.S. (7 Cranch) 504, 3 L.Ed. 420 (1813).

■ While this court would agree that the limitation upon its power to grant a remedy in the nature of mandamus is an unrealistic anomaly, any change in the law is a matter for the Congress and not this Court. The great weight of precedent especially from the Supreme Court controls our decision, and we must, albeit reluctantly, dismiss the complaint.