J. David STERN and Sophie L. Siegel *,
Appellants,

v.

SOUTH CHESTER TUBE COMPANY,
Appellee.

No. 15901.

United States Court of Appeals
Third Circuit.

Argued Nov. 3, 1966.

Decided May 25, 1967.

David Freeman, Philadelphia, Pa.,
for appellants.

Ralph Earle, II, Philadelphia, Pa.
(Richard P. Brown, Jr., Gregory M.
Harvey, Philadelphia, Pa., Morgan,
Lewis & Bockius, Philadelphia, Pa., on
the brief), for appellee.

Before GANEY, SMITH and
FREEDMAN, Circuit Judges.

OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This appeal is from the dismissal of a complaint in which the only

* This appellant has withdrawn from the litigation.

relief sought by the appellant was the enforcement of his statutory right as a stockholder to examine the books and records of account of the corporate appellee and its subsidiaries. Business Corporation Act, 15 P.S. § 2852–308, subd. B. The right is enforceable in an original action of mandamus in the court of common pleas of the county in which the corporation has its principal place of business. 12 P.S. § 1911; Goldman v. Trans-United Industries, Inc., 404 Pa. 288, 171 A.2d 788 (1961). Similar actions are not maintainable in the federal courts because of the limit on their jurisdiction.

Although the writ of mandamus has been abolished by the Federal Rules of Civil Procedure, rule 81(b), 28 U.S. C.A., the procedural relief available in lieu thereof is still governed by the "All Writs Act," 28 U.S.C.A. § 1651. The statute provides that the federal courts "may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." (Emphasis added.)

It has been uniformly held in a long line of decisions that a federal court is without authority to issue a writ of mandamus except in aid of its jurisdiction already acquired under an applicable federal statute. Knapp v. Lake Shore Railway Co., 197 U.S. 536, 541–543, 25 S.Ct. 538, 49 L.Ed. 870 (1905); Covington & C. Bridge Co. v. Hager, 203 U.S. 109, 111, 27 S.Ct. 24, 51 L.Ed. 111 (1906); Marshall v. Crotty, 185 F.2d 622, 626 (1st Cir. 1950). There are other cases in point but we see no reason to cite them in this opinion. The relief here sought by the plaintiff is plainly not ancillary to a suit now pending in the district court. The issuance of the writ would not be in aid of the lower court's jurisdiction; it would simply terminate the litigation.

The appellant argues that jurisdiction having been acquired by reason of diversity of citizenship and a requisite amount in controversy, the district court had authority to issue a writ of mandamus conformably to State practice. This argument is untenable. The jurisdiction of the district courts under § 1332(a) of 28 U.S.C.A. is limited to "civil actions." [1] Albanese v. Richter, 161 F.2d 688 (3rd Cir. 1947). An original proceeding in mandamus is not a "civil action" within the meaning of the said statute. Insular Police Commission v. Lopez, 160 F.2d 673, 677 (1st Cir. 1947), cert. den. 331 U.S. 855, 67 S.Ct. 1743, 91 L.Ed. 1863; Marshall v. Crotty, supra. It is a special proceeding in which a court is called upon to exercise its prerogative power. The only such power held by the federal courts is that conferred upon it by the "All Writs Act," supra, and this is subject to the restrictions of the statute. It was held in Knapp v. Lake Shore Railway Co., supra, that an earlier counterpart of the present statute did not "confer power on the [lower] courts to issue mandamus in an original proceeding."

We recognize that a federal court may enforce a state-created substantive right, and to do so fashion an appropriate remedy. Cf. Guaranty Trust Co. v. York, 326 U.S. 99, 105–107, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). However, we are not here concerned with the question of remedy but one of jurisdiction. The general jurisdiction of the district courts is limited and defined strictly by statute, in this case by § 1651(a) of Title 28 U.S.C.A., supra. United States ex rel. State of Wisconsin v. First Federal Savings & Loan Ass'n., 248 F.2d 804 (7th Cir. 1957), cert. den. 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 533. When thus limited and defined it cannot be extended by local statute. "The basic purpose of § 1651, and of its statutory predecessors, was to assure

---

1. The phrase "civil actions" has been substituted for the earlier language "suits of a civil nature, at common law or at equity." The change was not intended

to enlarge the jurisdiction of the federal courts in cases of mandamus. Marshall v. Crotty, supra, 185 F.2d 627.

to the various federal courts the power to issue appropriate writs * * * of an auxiliary nature in *aid of their respective jurisdictions as conferred* by other provisions of the law." (Emphasis added.) In re Previn, 204 F.2d 417, 418 (1st Cir. 1953). It seems to me that the issuance of a writ of mandamus in this case would violate the plain statutory limitation on the lower court's jurisdiction.

The judgment of the district court will be affirmed.

FREEDMAN, Circuit Judge, concurs in this opinion.

GANEY, Circuit Judge (dissenting).

In this country federal jurisdiction was originally vested in the courts of the United States under the Judiciary Act of 1789. By the Eleventh Section thereof the courts of the United States were vested with original jurisdiction of "all suits of a civil nature at common law or in equity" where the amount in dispute exceeded the sum of $500 and the parties were citizens of different states. Present jurisdiction is vested under 28 U.S.C.A. § 1332(a) (1) in which, under the 1948 revision of this section, the words "civil action" were substituted for the words "suits of a civil nature", but this was done only to conform to Rule 2 of the Federal Rules of Civil Procedure and the change had no substantial effect on the jurisdiction of the courts. Rosen v. Alleghany Corp., D.C., 133 F.Supp. 858, 865. Here, there is a requisite citizenship between different states among the parties and it is submitted that the aggregate value of the plaintiff's sixty-two shares of stock in the company is in excess of $10,000 and, accordingly, the amount in controversy is measured by the value of the shareholder's investment and, therefore, the jurisdictional amount is well pleaded. Lapides v. Doner, D.C., 248 F.Supp. 883, 895.

The focal point of our inquiry here is since the action laid in the complaint is one for mandamus whether, in the exercise of the court's jurisdiction, it has the power to dispose of it.

There can be no denying the assertion by the majority, as it is abundantly evident that under the All Writs Act, 28 U.S.C.A. § 1651, where mandamus is sought by way of relief under a federal statute, it will not lie and that it can only be invoked in furtherance of a jurisdiction already acquired. This is established by an almost unanimous authority beginning with McIntire v. Wood, 7 Cranch 504, 3 L.Ed. 420, through Smith v. Allyn, 22 Fed.Cas.No. 13,001, 1 Paine 453; Graham v. Norton, 15 Wall. 427, 21 L.Ed. 177; Bath County v. Amy, 80 U.S. 244, 20 L. Ed. 539; Knapp v. Lake S. & M. S. Ry., 197 U.S. 536, 537, 25 S.Ct. 538, 49 L.Ed. 870 to Covington and Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 111, 27 S.Ct. 24, 51 L.Ed. 111, the reason stated being that the courts of the United States, in construing the All Writs Act, have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ.

Likewise, the courts have followed like reasoning in diversity cases relying on the same reasoning given in McIntire v. Wood, supra, and the other cases following it, citing County of Greene v. Daniel, 102 U.S. 187, 26 L.Ed. 99; Davenport v. County of Dodge, 105 U. S. 237, 26 L.Ed. 1018; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L. Ed. 743, though, here, there was a dissent which applied the conformity statute then in effect, § 914, Rev.Stat., and it is suggested that the majority may have felt that since the conformative statute was a federal statute, the same restriction on the jurisdiction of the court applied as in all the other cases theretofore.

However, in spite of this great weight of authority, it is my opinion that the writ should issue. In so holding it is unnecessary to breast the great tide of authority hereinbefore mentioned, for, in my judgment, in construing these diversity cases, the courts have never

accorded Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, its full authority in this field, nor have they given proper acceptance to its complete potential. It is submitted that a proper basis for allowing the issuance of the writ is to give full effect to the power of a federal court expressed therein. This for the reason that in the growing complexities of modern business, through mergers and absorptions of corporate entities which spread over many states, the federal courts should not be shackled from granting relief as here, but should embrace, within the orbit of Erie R. R. v. Tompkins, supra, an expansive reach in order to meet the growing needs of the substantive rights embodied in state statutes and grant a remedy, if one is provided by state statutes, as in our case, and, even in its absence, fashion a remedy of its own under its inherent equity power.

The instant case provides an excellent example for, under the Pennsylvania Business Corporation Law, a substantial civil right is given to a shareholder. Further, this substantial civil right given by § 308(B) of the Business Corporation Law of May 5, 1933, P.L. 364, is properly enforceable in Pennsylvania by the legal action of mandamus. Hagy v. Premier Manufacturing Corp., 404 Pa. 330, 172 A.2d 283. In a federal court, under Erie R. R. v. Tompkins, supra, sitting as a state court, the granting of the writ exercises no involvement of the All Writs Act or its successor statutes and, accordingly, no power to do so flows therefrom, for, irrespective of it, the court has full power to give effect to a substantial right given by a state and to give to it the enforcement thereof granted by the highest decisional court in that state and, accordingly, draws on no federal power for its enforcement, but gives effect to authority rooted in state law and thereby merely follows state procedure.

An indication of this approach finds basis in this court. In Susquehanna Corp. v. General Refractories Co., 250 F.Supp. 797, 802, the lower court spoke as follows: "But even if that were not so [discussing the insufficient length of time between the granting of the writ and the stockholders' meeting], it is by no means certain that the federal diversity court could not grant mandamus when that remedy would be granted by a state court as a matter of state law. The cases defendants cite, holding mandamus to be beyond the powers of the federal courts, do not specifically consider the question in the context of a state mandamus statute sought to be applied in the federal court under Erie [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188]. As Loss remarks, 'on the assumption that the equitable remedial rights doctrine is dead * * * the statutory case is easy: the federal courts will use the state statute * * *' 2 Loss 1005. But see Newark Morning Ledger Co. v. Republican Company, 188 F.Supp. 813 (D.Mass.1960). For Erie purposes, the 'remedy' of mandamus may be a matter of substantive state law which the diversity court would be bound to apply." The lower court was affirmed by this court in a per curiam opinion at 3 Cir., 356 F.2d 985. It is to be noted here that in Newark Morning Ledger Co. v. Republican Co., D.C., 188 F.Supp. 813, this approach under Erie R. R. v. Tompkins, supra, was not taken into consideration by the court.

Likewise, in Hertz v. Record Publishing Co., 219 F.2d 397, where mandamus was permitted because it was in aid of a jurisdiction previously acquired, nevertheless stated in footnote 2, page 398, by way of dictum, "However, even if title to stock were not in issue, the district court had jurisdiction to issue the order. Under Pennsylvania law a shareholder has the substantive right to have his stock transferred on the corporation's books and to have a new certificate issued. Mandamus is available to him by statute." Accordingly, it would seem proper that this court should now come full cycle and hold that a substantive civil right granted by a state statute which the highest court of that state, in its decisional rul-

ings, holds might be enforced by a mandamus statute of that state, should not only recognize the substantive right granted under the statute, but, as well, the remedy provided by the state statutes, in a diversity case.