**Ronald Evans RINES**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

**Misc. No. 3824.**

United States District Court
E. D. Pennsylvania.

April 10, 1968.

---

3. Quoted and adopted by the California Court from DeNoyer v. Cavanaugh, 221 N.Y. 273, 116 N.E. 992.

392

Ronald Evans Rines, pro se.

MEMORANDUM

HIGGINBOTHAM, District Judge.

The Petitioner, presently incarcerated at the State Correctional Institution, Dallas, Pennsylvania, has filed a petition for a writ of mandamus seeking to have this Court issue an order compelling the Common Pleas Court of Montgomery County to hold a hearing on his Post Conviction Hearing Act petition which he alleges has been pending before the Court since it was filed on December 14, 1967.

In support of his petition, the petitioner alleges that, by the terms of the Act, 19 P.S. § 1180–1 et seq., the Common Pleas Courts are required to hold hearings on P.C.H.A. petitions within thirty (30) days of filing. The petitioner concludes that the failure of the Montgomery County Common Pleas Court to act on his petition within that time deprives him of rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment. After due consideration of the allegations of the petition, I am compelled to dismiss it for the reasons hereinafter discussed.

Writs of mandamus, as such, have been abolished in federal district courts by Rule 81(b), F.R.Civ.P. But that rule provides that relief previously available by writ of mandamus may now be obtained by way of an order in the nature of mandamus by appropriate motion under the practice proscribed by the Federal Rules of Civil Procedure. 7 Moore's Federal Practice § 81.07. However, such relief may be granted only in instances where, before adoption of Rule 81(b) the remedy of mandamus would have been available. Petrowski v. Nutt, 161 F.2d 938 (9th Cir., 1947), cert. den. 333 U.S. 842, 68 S.Ct. 659, 92 L.Ed. 1126 (1948); Newark Morning Ledger Co. v. Republican Co. et al., 188 F.Supp. 813 (D. Mass.1960); Deglau v. Frank, 184 F. Supp. 225 (D.R.I.1960). In that regard it is well settled that prior to the adoption of Rule 81(b) a United States District Court had no general original power to issue writs of mandamus in cases where that was the only relief sought. In the absence of special statutory authority it could issue writs of mandamus only as an ancillary proceeding in aid of

jurisdiction otherwise vested in it. McIntire v. Wood, 7 Cranch 504, 3 L.Ed. 420 (1813); Kendall v. United States, 12 Pet. 524, 9 L.Ed. 1181 (1838); Hertz v. Record Publishing Co. of Erie, 219 F.2d 397 (3rd Cir., 1955), cert. den. 349 U.S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 (1955). And though the judicial power of the United States extends to all cases in law and equity arising under the Constitution and laws of the United States, (Article III, § 2), the jurisdiction of United States District Courts is not coextensive with the judicial power of the United States. District Courts are courts of limited jurisdiction and are vested only with such jurisdiction as has been conferred on them by Congress. Thus, the mere claim by a petitioner of violations by a State of rights granted him under the Constitution of the United States does not authorize the intervention of a federal district court, absent a grant of jurisdiction by Congress. The petitioner has cited no authority, nor can I find any statutory basis for the exercise of power by a federal district court to oversee the adjudication by a state court of questions of law properly before it. Therefore, as mandamus is the only relief sought by the petitioner, and as there is no other cognizable basis of jurisdiction in this court in the aid of which mandamus can be involved, its grant will be denied.

■ Even assuming arguendo the existence of jurisdiction in a federal district court to issue a writ of mandamus directed to a state court, it would be appropriate to deny it here. The writ is a discretionary one, and courts of law in considering petitions for the writ are guided by principles comparable to those applied by a court of equity. United States ex rel. Greathouse v. Dern, 289 U.S. 352, 53 S.Ct. 614, 77 L.Ed. 1250 (1933); United States ex rel. Jump v. Ickes, 73 App.D.C. 141, 117 F.2d 769 (1940), cert. den. 313 U.S. 575, 61 S.Ct. 1088, 85 L.Ed. 1533 (1941). Relevant considerations among others are: the

writ will not be used to compel the performance of a judicial duty where that duty is not clearly established, and the obligation to act, mandatory; or where a petitioner has another adequate legal remedy.[1] In this case, contrary to the petitioner's allegations, the Pennsylvania Post-Conviction Hearing Act does not require that a hearing be held on a P.C.H.A. petition within thirty days. The Act does require that, if a petitioner alleges facts that if proven would entitle him to relief, the court shall grant a hearing on the issues raised in the petition. I find no proper basis on which to assume that the Common Pleas Court of Montgomery County will not act upon the petition within a reasonable period of time. In addition, as pointed out below, it appears that the petitioner has another adequate legal remedy.

■ The nature of the petitioner's complaint is one which could more appropriately form the basis of a petition for a writ of habeas corpus. But, even treating the present petition as one for a writ of habeas corpus, I would nonetheless be compelled to dismiss it because of the petitioner's failure to exhaust state remedies; for as stated above, I cannot yet assume that the state court remedy will be inadequate or unavailing. However, if my assumption proves erroneous, and the state court has not acted upon the petitioner's P.C.H.A. petition within a reasonable period of time, the denial of the present petition is without prejudice to the petitioner's right to submit a proper habeas corpus petition.

■ Treating the present petition as one for a writ of habeas corpus, and pursuant to the guidelines set forth by the Third Circuit Court of Appeals in Fitzsimmons v. Yeager, 391 F.2d 849 (3rd Cir., Feb. 19, 1968), I also hereby deny the petitioner a certificate of probable cause to appeal, inasmuch as the dismissal of the petition is without prejudice for failure to exhaust existing state remedies.

---

1. 34 and 35 Am.Jur. Mandamus §§ 40, 42, 254, 273 and cases cited therein.