In re CREST–MEX CORP.

CREST–MEX CORP.

v.

COUNTY OF DALLAS, City of Dallas, Dallas Independent School District, Dallas Central Appraisal District, and Dallas County Appraisal Review Board

Bankruptcy No. 96–40642–H2–11.
Adversary No. 97–4185.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

June 15, 1998.

---

Joe Klaus, Houston, TX, for Crest–Mex Corporation.

Elizabeth Weller, Linebarger, Heard, Goggan, Fort Worth, TX, for County of Dallas, City of Dallas, and Dallas ISD.

Michael M. Tabor, Clark, West, Keller, Butler & Ellis, Dallas, TX, for Dallas Central Appraisal District and Dallas Central Appraisal Review Board.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WESLEY W. STEEN, Bankruptcy Judge.

On January 24, 1996, Crest–Mex Corp. filed for chapter 11 bankruptcy protection. Debtor's primary asset is an apartment building, known as La Sierra Apartments ("the Apartments") and personal property located at that site. The Apartments are located in an economically depressed area of Dallas. The property was assessed and taxed in the name of M. Torma until Crest–Mex acquired it in 1992.

The County of Dallas, City of Dallas, and Dallas Independent School District (collectively know as the "Taxing Authorities") filed a proof of claim for ad valorem taxes for the years 1987 to 1997.

On April 4, 1997, Debtor instituted this adversary action by filing a Complaint to Determine Ad Valorem Tax Liabilities. Debtor requests that the Court determine its tax liability under § 505 for the years 1987 through 1991 and 1995 through 1997. Debtor asserts that the valuations of the property on which the taxes are based were grossly excessive. Defendants are Dallas Central Appraisal District and the Dallas County Appraisal Review Board (the "DCAD" and "ARB"), as well as Dallas County, City of Dallas and Dallas County ISD ("Taxing Authorities").

On February 26, 1998, the DCAD and the ARB, joined in part by the Taxing Authorities, filed a Motion for Summary Judgment. On March 20, 1998, Plaintiff filed a Motion for Non–Suit against the DCAD and ARB. After reviewing the record, the Court concludes that Summary Judgment should be granted for the years 1989–1991 and for 1995. The Court also concludes that Plaintiff's Motion for Non–Suit as to ARB and DCAD should be granted with respect to the remainder of the years.

### Motion for Summary Judgment

Defendants DCAD and ARB, with the Taxing Authorities joining them, deny that Debtor has the ability to challenge all tax years in question because tax liability for

some of the years have been previously adjudicated.

The property at issue was listed in the name of M. Torma, Trustee, for the tax years 1987 to 1991 and was listed in the name of Crest–Mex for the tax years 1992 to 1997. No protest was filed for the 1987 or 1988 appraisals. Torma challenged the 1989, 1990 and 1991 appraisals before the ARB and the values were adjudicated or resolved by settlement. Crest–Mex challenged the 1992, 1993, 1994 and 1995 appraisals before the ARB and these values were resolved by adjudication or settlement. No petition for de novo review by the state district court was filed by the Debtor for those tax years. There is no disagreement that Crest–Mex did not challenge the appraisals for the 1996 or 1997 tax years and that the Court has jurisdiction to determine the value for those tax years.

Bankruptcy Code § 505(a)(2) provides:

The court may not determine the amount or legality of a tax ... if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before commencement of the case.

■ Negotiated settlement agreements entered by the ARB are equivalent to an adjudication for purposes of § 505.[1] Therefore, this Court may not review the determination of tax for the years 1989 through 1991 and for 1995. Therefore, the Plaintiff's claims relating to those years are dismissed.

The DCAD and ARB, joined by the Taxing Authorities, argue that Debtor is precluded from challenging the valuations for the tax years of 1987 and 1988 under principles of claim preclusion. The only case cited for this proposition is *Matter of Teal*.[2] However, that case stands for the proposition that a judgment entered pursuant to a settlement is a final judgment for the purposes of res judicata. The materials submitted in support of the Motion for Summary Judgment with respect to these years does not establish that

there is not an issue of fact with respect to these years. Therefore, summary judgment is denied for those years.

### Non–Suit

On March 20, 1998, Plaintiff filed a Motion for Non–Suit pursuant to FRCP 21 with respect to DCAD and ARB. Plaintiff merely stated that it did not wish to prosecute the matter against these Defendants.

■ The DCAD and ARB do not oppose dismissal *without* prejudice, but ask that the Court include in the dismissal order a provision requiring reimbursement of their attorney's fees and costs in the event of reinstatement or refiling by Plaintiff or joinder by any other party. In support of this request, the DCAD and ARB cite *Cooter & Gell v. Hartmarx Corp.*[3] which they assert stands for the proposition that imposition of such conditions. However, the cited case actually holds only that Rule 11 sanctions survive voluntary dismissal of a case. The Court denies DCAD and ARB's request for an order stating that any party seeking to join the DCAD and ARB shall reimburse all attorney's fees and costs for lack of authority to grant such relief.

■ The Taxing Authorities oppose the dismissal of the DCAD and ARB as defendants because they assert that the DCAD and ARB are necessary parties to this action. The Taxing Authorities contend that state law requires that the appraisal board be joined in order for their decisions to be reviewed.[4] The Taxing Authorities reason that because the Plaintiff is asking the Court to review the ARB decisions, the ARB is a necessary party to this action, as determined by Texas law. Section 42.21 of the Property Tax Code once required that any petition for review brought by the property owner must join the appraisal district and the appraisal review board as defendants. However, § 42.21 has been amended to require that suit be brought against the State Comptrol-

---

**1.** *El Tropicano, Inc. v. Garza*, 128 B.R. 153, 156 (Bankr.W.D.Tex.1991).

**2.** 16 F.3d 619 (5th Cir.1994).

**3.** 496 U.S. 384, 397, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359, 376 (1990).

**4.** Tex. Prop. Tax Code § 42.21

**684**

ler.[5] Therefore, it does not appear that joinder is required by Texas law.

 In addition, state law procedural requirements are not binding on this Court. Rule 19 of the Federal Rules of Civil Procedure determines which parties must be joined in an action. As far as Rule 19 is concerned, state law is only relevant in determining interests affected in litigation.[6] Thus, even if the relevant state law requires joinder of the parties in cases brought in state court, that will not affect the federal court's analysis under Rule 19. Parties that are indispensable as a procedural requirement in state court are not necessarily indispensable in federal court.[7]

Rule 19 of the Federal Rules of Civil Procedure dictates what persons are to be joined in a case in federal court. The Rule provides that a person is to be joined if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims an interest relating to the disposition of the subject of the action and....

The relief sought in the complaint is the adjudication of claims asserted by the Taxing Authorities. No relief is sought against DCAD and ARB. The DCAD and the ARB are professionals who provide information and advice regarding the value of property. The DCAD and ARB do not assess or collect taxes. The DCAD and the ARB has no interest in this suit and complete relief can be accorded without their presence in this suit.

The Taxing Authorities apparently wish to join the DCAD and ARB for discovery benefits. The Taxing Authorities can procure all information necessary for this case through Rule 26 discovery. Therefore, Plaintiff's Motion for Non–Suit is granted.

**5.** Tex. Prop. Tax Code § 42.21(b)

**6.** *HB General Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1195 (3rd Cir.1996); *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746, n. 22, 19 L.Ed.2d 936 (1968); *Hertz v. Record Publishing Co.,* 219 F.2d 397, 399–400 (3rd Cir.), *cert. de-*

An order implementing this relief and appropriate scheduling provisions will be entered this date.

*nied,* 349 U.S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 (1955).

**7.** *HB General Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1195 (3rd Cir.1996); *Hertz v. Record Publishing Co.,* 219 F.2d 397, 399–400 (3rd Cir.), *cert. denied,* 349 U.S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 (1955).