**ORDERED** that the Adversary Proceeding shall be **CLOSED.**

In re ANC RENTAL CORPORATION, et al., Debtors.

ANC Rental Corporation, et al., Plaintiffs,

v.

Dallas County, City of Dallas, Dallas Independent School District, Dallas County Community College District, Parkland Hospital, and Dallas Central Appraisal District, Defendants.

Bankruptcy No. 01–11200 (MFW). Adversary No. 04–51204.

United States Bankruptcy Court, D. Delaware.

Oct. 8, 2004.

Bonnie Glantz Fatell, Elio Battista, Jr., Elizabeth A. Wilburn, Jason W. Staib, William J. Burnett, Blank Rome LLP, Wilmington, DE, Eric J. Bronstein, Elliott Reihner Siedzikowski & Egan, Blue Bell, PA, Frank S. Potts, Columbia, SC, James E. Huggett, Flaster Greenberg, Joseph Grey, Joseph H. Huston Jr., Thomas G. Whalen Jr., Stevens & Lee, P.C., Roland Gomez, Sheldon K. Rennie, Fox Rothschild O'Brien & Frankel LL, Wilmington, DE, for Debtors.

Joseph M. Harrison, IV, J.M. Harrison & Associates, Floresville, TX, for Plaintiffs.

Helen Elizabeth Weller, Linebarger Goggan Blair & Sampson, LLP, Dallas, TX, Theodore J. Tacconelli, Ferry & Joseph P.A., Wilmington, DE, Richard G. Dafoe, Vial, Hamilton, Koch & Knox, L.L.P., Dallas, TX, Brian A. Sullivan, Werb & Sullivan, Wilmington, DE, for Defendants.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Joint Motion for Partial Summary Judgment filed by Dallas County, City of Dallas, Dallas Independent School District, Dallas County Community College District, and Parkland Hospital (collectively "the Tax Authorities") seeking dismissal of the claims in the Debtors' Complaint which seek relief with respect to the 1999 and 2000 tax years. Also before the Court is the Motion to Dismiss, Abstain, or Transfer filed by the remaining Defendant, Dallas Central Appraisal District ("DCAD"). The Debtors oppose both Motions; the Tax Authorities oppose the DCAD Motion. For the reasons set forth below, we will grant the Motion for Partial Summary Judgment and grant in part and deny in part the Motion to Dismiss, Abstain, or Transfer.

## I. FACTUAL BACKGROUND

On November 13, 2001, ANC Rental Corporation and several of its affiliates (collectively "the Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.

On January 13, 2004, the Debtors filed a complaint against the Defendants seeking a determination of tax liability pursuant to section 505 of the Bankruptcy Code. Specifically, the Debtors ask this Court to correct and reduce the amount of taxes assessed against them for the tax years 1999, 2000 and 2001. In addition, the Debtors seek an order directing the Defendants to amend their tax rolls accordingly. The Debtor asserts that the taxes were based on erroneously high valuations of the personal property owned by them based on appraisals done by DCAD.

On May 19, 2004, DCAD filed its Motion to Dismiss, Abstain or Transfer and on May 21, 2004, the Tax Authorities filed their Joint Motion for Partial Summary Judgment. On June 1, 2004, the Debtors responded to both Motions and the Tax Authorities responded to the DCAD Motion. Notices of completion of briefing have been filed and the matters are ripe for decision.

## II. DISCUSSION

### A. Jurisdiction

All the Defendants argue that the Court lacks jurisdiction over the Debtors' claim for a reassessment and refund of the taxes for 1999 and 2000. Section 505 states that

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

the Bankruptcy Court may not adjudicate a debtor's tax liability regarding:

> (B) any right of the estate to a tax refund, before the earlier of—
>
>> (i) 120 days after the trustee *properly requests* such refund from the governmental unit from which such refund is claimed; or
>>
>> (ii) a determination by such governmental unit of such request.

11 U.S.C. § 505(a)(2)(B) (emphasis added).

The Defendants argue that the Debtors cannot prevail on their Complaint (under Texas law) with respect to the 1999 and 2000 taxes because those taxes have already been paid. They assert that where taxes are paid and no timely request for refund has been made, a refund may not be had. *See, e.g.,* Tex. Prop. Tax Code §§ 25.25 & 42.43(a). They note that the Debtors do not assert in their Complaint that any refund request or request for revaluation of their property was ever made pursuant to Texas law.[2] Further, the Tax Authorities argue that any refund request for those years would now be untimely. *Id.* at § 41.44(a) (protest of valuation must be made by June 1 of each tax year).

The Debtors argue that the provisions of Texas law regarding the methods for seeking a refund are procedural only and that this Court is bound by the federal, not state, procedural rules. They assert that

the complaint in this Court suffices as a proper request for a refund under section 505. However, the Debtors do not cite any authority for this position.[3] They merely cite section 505(a)(1) which, they argue, gives the Bankruptcy Court broad jurisdiction over taxes (whether or not previously assessed, paid, contested or adjudicated).

■ The Debtors' assertion is contrary to binding precedent in this Circuit. The Third Circuit has held that:

> In light of the legislative history of § 505(a), the overwhelming case authority interpreting it as precluding the bankruptcy court from adjudicating claims for refund of taxes that were not seasonably contested in accordance with procedures set out by the taxing authority, and the policy considerations underpinning § 505, we are persuaded that the Bankruptcy Court here did not have jurisdiction to order the City to refund excess payments for those years in which Custom paid the taxes but did not contest them in accordance with [the New Jersey statute]. Accordingly, the overpayments made by Custom for the 1992, 1993, and 1994 tax years cannot be refunded.

*City of Perth Amboy v. Custom Distrib. Serv., (In re Custom Distrib. Serv.),* 224 F.3d 235, 243–44 (3d Cir.2000). In short,

---

**2.** The Tax Authorities assert that the Debtors did file a protest of the 1999 taxes but later withdrew it; no protest of the 2000 taxes was ever filed. The Debtors do not dispute this.

**3.** The Debtors do cite cases which describe section 505 in general terms as meant to protect the estate and creditors. *See, e.g., In re El Tropicano, Inc.,* 128 B.R. 153, 161 (Bankr.W.D.Tex.1991). The *El Tropicano* decision did state that the "properly requests" requirement was not a jurisdictional bar, but an affirmative defense. *Id.* at 156. However, that case was distinguished by the Third Cir-

cuit in *City of Perth Amboy v. Custom Distribution Services (In re Custom Distribution Services),* 224 F.3d at 243, where it held that *"El Tropicano* did not specifically deal with § 505(a)(2)(B)(i) and its 'properly requests' requirement. Nor did [it] engage in an analysis of the legislative history of that section, which may have led [it] to a different conclusion. We therefore find [that case] inapposite and unhelpful to the case at bar." The Fifth Circuit has criticized *El Tropicano* on similar grounds. *See In re Luongo,* 259 F.3d 323, 330 (5th Cir.2001).

the Third Circuit views the "properly requests" language as an exhaustion of administrative remedies requirement which operates as a bar to jurisdiction when the requirement is not met. *Id.* at 243.

■ Since the Debtors did not "properly request" a refund or protest the valuation of their property in accordance with Texas law for tax years 1999 and 2000, we conclude that we do not have jurisdiction to hear the Debtors' request under section 505(a). *Id.* at 239–40 (courts "have consistently interpreted [section] 505(a) as a jurisdictional statute"). Accordingly, we will grant the Motion for Partial Summary Judgment and the Motion to Dismiss, Abstain or Transfer as to the Debtors' claims for adjustments or refunds for tax years 1999 and 2000.

### B. *DCAD Motion*

DCAD also asks that we dismiss, abstain or transfer the action in toto as to it for several reasons.

#### 1. *Motion to Dismiss*

##### a. *Lack of Subject Matter Jurisdiction*

■ DCAD claims that this is not a core proceeding under section 157(b)(2) of title 28 and, therefore, should be dismissed for lack of subject matter jurisdiction. Core proceedings are those "that are integrally bound up in the bankruptcy process." Charles Jordan Tabb, *The Law of Bankruptcy* § 4.4 (1997). The Third Circuit's test to determine if a proceeding is core is whether "it invokes a substantial right provided by title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Halper v. Halper,* 164 F.3d 830, 837 (3d Cir.1999). *See also In re Pacor, Inc.,* 743 F.2d 984, 994 (3d Cir.1984) (defining core as "whether the outcome of that proceeding could conceivably have any effect on

the estate being administered in bankruptcy.") (citations omitted).

■ The Debtors' claim arises under section 505 of the Bankruptcy Code which meets the Third Circuit's test as to core status because it invokes a right given to the Debtor under title 11. In addition, since the Debtor seeks a refund of taxes, which could be used to fund its plan, this action does affect the Debtors' estates.

For these reasons, we conclude that this is a core matter. We will deny the motion to the extent it seeks dismissal on this ground.

##### b. *Failure to State a Claim*

■ DCAD argues that the Debtors have failed to state a claim against it on which relief can be given. However, DCAD neglected to include any facts or argument in its Motion related to its assertion on this point. The party moving for dismissal of a claim bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991). A party cannot meet its burden of persuasion on this issue by an assertion alone. *See Conley v. Gibson,* 355 U.S. 41, 46–47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Therefore, we deny DCAD's Motion on this ground.

##### c. *Not a Necessary Party*

Alternatively, DCAD moves for dismissal under Rule 21 of the Federal Rules of Civil Procedure. DCAD asserts that it is not a necessary party to the dispute as defined by Rule 19. Therefore it argues that it should be dismissed under Rule 21. To support its argument, DCAD cites Texas case law interpreting these two rules. *Blue Cactus Post v. Dallas County Appraisal District (In re Blue Cactus Post),*

229 B.R. 379 (Bankr.N.D.Tex.1999); *In re Crest–Mex Corp.,* 223 B.R. 681, 684 (Bankr.S.D.Tex.1998). In both of these cases, the court found that DCAD was not necessary to the court's determination of the tax assessment and, consequently, dismissed the action as to DCAD. *Blue Cactus,* 229 B.R. at 387; *Crest–Mex,* 223 B.R. at 684 (dismissing DCAD because complete relief could be given to the plaintiff without the presence of DCAD).

The Debtors assert that dismissing a party under Rule 21 is discretionary. Therefore, they argue that the holdings in *Blue Cactus* and *Crest–Mex* are not binding. They further contend that dismissing DCAD, the party responsible for the 2001 assessment, would result in the Tax Authorities defending an assessment based on a valuation process over which they had no control. The Tax Authorities oppose DCAD's Motion for the same reason. The Tax Authorities argue that *Crest–Mex* and *Blue Cactus* are distinguishable because the Texas courts dismissed DCAD only *after* the evidence was presented at trial on the reassessment. Therefore, the tax authorities in those cases did not have to defend DCAD's valuation alone, as they would be forced to do here.

Rule 21 involves two possible scenarios: either the parties have left someone out of the litigation (non-joinder) or the parties have mistakenly added someone to the litigation (misjoinder). *Moore's Federal Practice* ¶ 21.02[1]. If a party has been joined improperly, then a court may, in its discretion, dismiss the party if it will not prejudice any substantial right. *Sabolsky v. Budzanoski,* 457 F.2d 1245, 1249 (3d Cir.1972). A party is misjoined when the relief the Plaintiff seeks does not make necessary the misjoined party's presence. *In re Epps,* 110 B.R. 691, 701 (E.D.Pa.1990).

While it may be that DCAD has information necessary to a reassessment of the Debtor's ad valorem taxes, it is not a prerequisite to getting that information that DCAD be a party to this proceeding because parties are given many methods of compelling discovery. *See* Fed. R. Civ. Pro. 37(a)(1) and 45(e); *Crest–Mex,* 223 B.R. at 684 (stating that the tax authorities can use discovery to access the information they need and dismissing DCAD from the litigation).

However, in this action the Debtors are requesting that this Court reassess the ad valorem taxes imposed on them by the Tax Authorities and order DCAD to amend its tax rolls. Under Texas statutory and case law, a taxpayer may sue the appraisal district, through its appeals board, to reassess and change its tax rolls. *See* Texas Tax Code 25.25; *Richardson Independent School District v. GE Capital Corp.,* 58 S.W.3d 290, 293 (Tex. App.2001) (finding property rolls of DCAD had been amended after taxpayer properly followed procedure). The Debtors' request to amend the tax rolls is a request for relief against DCAD. Therefore, we will deny DCAD's motion to be dismissed as a party.

### 2. *Abstention*

Alternatively, DCAD requests that we abstain from hearing the section 505 claim and require the Debtors to seek redress at the state and local level because of the predominance of state law issues. The Tax Authorities assert that uniformity of assessment is at issue in this case and urge us to abstain as well.

A federal court should exercise abstention sparingly. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Only in exceptional circumstances should abstention be used. *Id.; Metromedia Fiber Network, Inc. v. Various State and Local Taxing Auth.,*

299 B.R. 251, 281 (Bankr.S.D.N.Y.2003) (limiting abstention based on section 505 unless there is a "compelling reason").

■ Courts have developed a six factor test to determine whether a bankruptcy court should abstain from hearing a tax issue. These factors include: 1) the complexity of the tax issue; 2) the need to administer the bankruptcy case in an orderly and efficient manner; 3) the burden on the bankruptcy court's docket; 4) the length of time required for trial and decision; 5) the asset and liability structure of the debtor; 6) the prejudice to the debtor and the potential prejudice to the taxing authority. *In re Beisel,* 195 B.R. 378, 380 (Bankr.S.D.Ohio, 1996).

■ In assessing the request by DCAD to abstain, we look to each of the six factors in turn. First, this tax issue is complex. Determining the dispute in this case would require this court to undertake a fact intensive review of the value of the property and the amount of the taxes in question. Courts have abstained from hearing section 505 requests where the tax issue is fact intensive. *Id.*

Second, these cases do not affect the Court's need to administer the bankruptcy case in an orderly and efficient manner because a plan has already been confirmed in this case and all that remains are the pending adversary proceedings. This weighs against abstention.

Third, this Court's docket is currently over-burdened. Abstention in this case would lessen this burden.

Fourth, a trial on this matter could be lengthy. The Court would need to hear evidence not only as to the Debtors' assets, but on the proper method of valuing these assets. Unlike other section 505 cases, the issue to be determined here is not simply whether the tax is due, but whether the proper method for determining what tax is due was used. Trial could require expert testimony by both sides as to the market value of the assets. This factor weighs in favor of abstention. Fifth, this case involves several Debtors with complex asset and liability structures. Such complexity weighs in favor of abstention. *See id.*

Sixth, the Tax Authorities would be significantly prejudiced by having the taxes at issue determined by a Delaware court. This weighs in favor of abstention as well. *See Bldg. Techs. Corp. v. City of Hannibal (In re Bldg. Techs. Corp.),* 167 B.R. 853, 858 (Bankr.S.D.Ohio 1994). In addition, we note that abstention in this matter does not leave the Debtors without an alternative remedy.

In the context of section 505, abstention is often used where uniformity of assessment is an issue. *Metromedia,* 299 B.R. at 281. *See also In re AWB Assocs., G.P.,* 144 B.R. 270, 276 (Bankr.E.D.Pa.1992) ("Abstention from deciding a tax adjudication question under Section 505 is only appropriate under a showing that uniformity of assessment is of significant importance.") (citations omitted). The dispute here involves the value of the Debtor's property upon which the tax was based and the taxable property's relation the state. Resolution of this dispute could affect the uniformity of assessment of property taxes imposed on other taxpayers who own rental property in Texas. This is a compelling reason to abstain.

After consideration of all the relevant factors, we determine that abstention is favored. Therefore, we will grant the Motion to Abstain.

## III. *CONCLUSION*

For the reasons set forth above, the Motion for Partial Summary Judgment filed by the Tax Authorities will be granted and the Motion to Dismiss, Abstain or Transfer filed by DCAD will be granted in part and denied in part.

An appropriate order is attached.

## ORDER

AND NOW this 8th day of October, 2004, upon consideration of the Motion of the Tax Authorities for Partial Summary Judgment and the Motion of DCAD to Dismiss, Abstain or Transfer and the Debtors' Responses thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion for Partial Summary Judgment and the Motion to Dismiss, Abstain or Transfer are **GRANTED** and the adversary is **DISMISSED** with respect to the claims arising from the 1999 and 2000 tax years; and it is further

**ORDERED** that the Motion to Dismiss, Abstain or Transfer is otherwise **GRANTED** as to the other counts of the Complaint dealing with the tax year 2001.